# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I.(a) PLAINTIFFS
Estate of Barbara A. Bandurski

### DEFENDANTS
The Internal Revenue Service

**(b)** County Of Residence Of First Listed Plaintiff: Decedent died in New Castle County, Delaware; Estate is located in New Castle County, Delaware

County Of Residence Of First Listed Defendant: NEW CASTLE COUNTY, DE

**(c)** Attorneys (Firm Name, Address And Telephone Number)

Cheryl Siskin (No. 3437)
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 429-4215

Attorneys (If Known)

Colm F. Connolly
United States Attorney's Office
District of Delaware
P.O. Box 2046
Wilmington, Delaware 19899
(302) 573-6277

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" In One Box For Plaintiff And One Box For Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Property Liability

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury Med Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl Ref Inc Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☒ 870 Taxes (U.S Plaintiff or Defendant)
- ☐ 871 IRS Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 420 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
HABEUS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### V. ORIGIN

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from State Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite The U.S. Civil Statute Under Which You Are Filing And Write Brief Statement Of Cause. Do Not Cite Jurisdictional Statutes Unless Diversity)

28 U.S.C. § 1346: CLAIM AGAINST UNITED STATES FOR RECOVERY OF ERRONEOUSLY OR ILLEGALLY ASSESSED OR COLLECTED ESTATE TAX AND RELATED RELIEF.

### VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $ > 140,000.00

CHECK YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) (See instructions)
None

JUDGE:
DOCKET NUMBERS:

DATE: MAY 13, 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF BARBARA A. BANDURSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. _____ |
| THE INTERNAL REVENUE SERVICE, | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

The estate of Barbara A. Bandurski ("Plaintiff" or the "Estate"), by and through its counsel, The Bayard Firm, files this complaint ("Complaint") against the Internal Revenue Service (the "Defendant" or the "IRS") for the refund of federal estate taxes ("Estate Taxes") and in support thereof alleges as follows:

1.  The Estate overpaid federal and state estate taxes and seeks a refund of the overpayment of federal Estate Taxes plus all related amounts and expects to file for a refund of overpaid state estate taxes based on the outcome of this action.

2.  The IRS insisted that the Estate pay Estate Taxes on income received by the Estate many months after Mrs. Barbara Bandurski ("Mrs. Bandurski" or the "Decedent") died because the IRS insisted that as of her date of death ("DOD"), Mrs. Bandurski should have known that a company in which she had owned stock, Walter Bandurski, Inc. ("WBI") -- a company which was merged into another company and dissolved prior to her death -- would be involved in a class action law suit that would result in a settlement whereby the former stockholders of that company would receive cash payments.

3. The IRS position does not reflect what a willing buyer would have paid to a willing seller as of the DOD. As of her DOD, Mrs. Bandurski did not know about the class action and had no reasonable basis to suspect that WBI had any potential claims that it could have asserted. Further, as of the DOD, there was no reasonable basis to predict the value of this unknown claim. As of the DOD, the claim was unknown, contingent and unliquidated claim (the "Unknown Claim").

4. The Unknown Claim was the chance that (i) a company in which Mrs. Bandurski had once owned common stock and was liquidated *before* Mrs. Bandurski's DOD would be included in a class action lawsuit *after* Mrs. Bandurski's DOD; (ii) that the class action lawsuit would result in monetary settlement to certain qualifying class members fifteen (15) months after Mrs. Bandurski's DOD; (iii) that the liquidated company in which Mrs. Bandurski had owned stock would have the documents necessary for it to qualify for a monetary settlement; and (iv) that Mrs. Bandurski's interest in the liquidated company as a former stockholder would result in a cash payment of $360,000.00 (the "Unknown Claim Proceeds") to the Estate fifteen (15) months after Mrs. Bandurski's DOD.

5. The Estate asserts that the price a willing buyer would have been willing to pay to a willing seller for the Unknown Claim was less than $1.00 as of the Mrs. Bandurski's DOD.

6. The IRS asserts that the Unknown Claim was worth $315,617.00 ($360,000.00 on the date paid to the Estate discounted to reflect the time elapsed from the DOD to the date of payment) and imposed Estate Taxes based on that value (the "IRS Value").

7. The IRS Value of the Unknown Claim is grossly overstated. At a minimum, the Estate is entitled to a full refund of all Estate Taxes paid accrued with respect to the Unknown

Claim based on the IRS Value, plus credit for the expense of this litigation, plus interest since the date the Estate Taxes were paid.

## BASIS FOR JURISDICTION

8. Plaintiff is the Estate of the Decedent. The Decedent was a long-time resident of the state of Delaware and died in Delaware on August 7, 1998.

9. The Estate filed a Form 706 (the "Form 706"), Federal Estate (and Generation-Skipping Transfer) Tax Return, on November 8, 1999. (A copy of the Form 706 is attached as Exhibit A) The Form 706 reported federal estate tax liability of $453,289.00 (the "Initial Estate Tax Amount") which was satisfied by the Estate's prior payment of $590,000.00 of estimated federal estate taxes paid when the Estate filed an Application for Extension of Time to File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes, Form 4768, ("Form 4768"), on May 6, 1999. (A copy of the Form 4768 is attached as Exhibit B.)

10. The Estate paid additional Estate Taxes in the amount of $78,389.51 on August 2, 2002 (the "Additional Tax Payment").

11. The Estate filed a Form 843, Claim for Refund and Request for Abatement, on August 2, 2004 (the "Refund Request") requesting a refund of Estate Taxes paid with respect to the IRS Value of the Unknown Claim plus interest, less deductions for related expenses plus interest. (A copy of the Refund Request is attached as Exhibit C.)

12. The Refund Request was denied by the IRS by letter dated September 23, 2004 (the "Refund Denial"). (A copy of the Refund Denial is attached as Exhibit D.) This action relates to the Refund Denial.

13. The Defendant, the IRS, is an agency of the United States federal government.

14. This Court has original jurisdiction over this action because it is against a federal agency for the recovery of federal estate taxes erroneously or illegally assessed and collected. 28 U.S.C. § 1346(a)(1).

## FACTS

15. Until 1997, the Decedent, together with her ex-husband, Walter Bandurski, and their son, Michael J. Bandurski, owned Walter Bandurski, Inc., a Delaware corporation ("WBI"), a trash hauling company operating in the state of Delaware.

16. Until July 31, 1997, the Decedent owned forty percent (40%) of the outstanding shares of common stock of WBI. On July 31, 1997, more than one year before the DOD, WBI transferred substantially all of its assets to another company in a tax-free, stock-for-assets merger. In August 1997, WBI distributed the acquirer's stock and the small balance of WBI's other assets to its three stockholders in exchange for their WBI stock. WBI's stock was cancelled, and WBI permanently ceased all activity.

17. On June 30, 1998, WBI was dissolved under state law.

18. The Decedent died on August 7, 1998, more than one year after the Decedent surrendered all of her common stock in WBI and WBI ceased all business activity.

19. Walter Bandurski died on August 28, 1998, a few weeks after the Decedent's DOD.

20. The Decedent's Will was submitted for probate. The Bayard Firm ("TBF") was retained to assist with the administration of the Estate and preparation of the required Federal and Delaware Estate Tax Returns.

21. Upon information and belief, unbeknownst to any of WBI's former stockholders, on May 21, 1998, a class action lawsuit was filed against the Delaware Solid Waste Management Authority by Sylvester Jenifer, T/A Vernon's Home Improvements, as the plaintiff (the "Class

Action"). The Class Action alleged that the named plaintiff did not know the identities of the other potential members of the class.

22. Apparently, after the date of death, another action was filed against the Delaware Solid Waste Management Authority and the new action and the Class Action were consolidated (the "Consolidated Action"). Apparently, WBI was included as a member of the class in the Consolidated Action. Eventually, a settlement was approved in the Consolidated Action.

23. The Estate filed the Form 706 on November 8, 1999. At the time that the Form 706 was filed, the Executor had no knowledge of the existence of the Class Action or the Consolidated Action, that WBI had been named as a class member or that anyone had submitted old WBI documents to class counsel.

24. The IRS did not contact the Estate regarding the Form 706 until September 2000.

25. Meanwhile, in July, 2000, James P. Dalle Pazze, Esquire, who had been the attorney for WBI prior to its dissolution, notified the Estate that he had received a check for $900,000.00 in settlement of WBI's claim in the Consolidated Action. Because the Decedent had owned 40% of the common stock in WBI, 40% of the $900,000.00 -- $360,000.00 -- was distributed to the Estate as its share of Unknown Claim Proceeds.

26. The Decedent had no knowledge of a potential cause of action on the DOD and the Estate had no knowledge of the Action until July 2000 when Mr. Dalle Pazze notified the Estate of the payment, almost two (2) years after the DOD.

27. On September 25, 2000, the Estate received two letters from the IRS: one dated September 15, 2000 indicating that the IRS was examining the Estate's tax return and the other dated September 21, 2000 requesting detailed information regarding certain entries on the Form 706 (the "Examination Letter"). The Examination Letter specifically requested a cover letter

from the Estate indicating, among other things, "[w]hether any additional deductions or assets have come to your attention since the filing of this return." (A copy of the Examination Letter is attached as Exhibit E.)

28. Since the Unknown Claim Proceeds were received after the return was filed, in direct response to the Examination Letter, the Estate informed the IRS that the Estate had received the $360,000.00 payment and that the Estate of Walter Bandurski had received a check for the same amount since the filing of the return.

29. Upon completion of the examination, Mertie Mills, an IRS attorney, issued a Discussion Draft of a Report of Estate Tax Examination Changes dated February 18, 2002 (the "Discussion Report") outlining the IRS's view of, among other things, the value of the Unknown Claim as of the DOD. (A copy of the Discussion Report is attached as Exhibit F.)

30. The Discussion Report indicated a value of the Unknown Claim of $360,000.00 as of the DOD, crediting the Estate for a DOD asset equal to the full amount of the Unknown Claim Proceeds for federal estate tax purposes.

31. After some discussion, the IRS offered to reduce the estate tax value of the Unknown Claim to reflect a discount for the fact that the Unknown Claim Proceeds were not received by the Estate until almost two (2) years after the DOD.

32. The IRS Value ($315,617) was used as the basis for the Report of Estate Tax Examination Changes (the "Final IRS Report"). A copy of the Final IRS Report is attached as Exhibit G.)

33. The Estate paid Estate Taxes based on the IRS Value.

34. The Estate submitted the Refund Request supported by an appraisal of the Unknown Claim. The appraisal indicated that the value of the Unknown Claim as of the DOD

was less than $1. The Estate requested that the Refund Request be immediately rejected so that the Estate would be free to file this action.

35. The Refund Request sought a refund of $124,141.26 for Estate Taxes that were overpaid, plus $17,312.27.00 paid for interest on the $124,141.26, plus further reductions in Estate Taxes (plus interest thereon) for increased administrative expenses incurred by the Estate as a result of this claim for a refund.

36. The IRS rejected the Estate's Refund Request. (*See* Refund Denial, Exhibit D.)

## Count I---Refund of Tax Overpayment

37. The Estate repeats and realleges the allegations of paragraphs 1 through 33, inclusive, as if fully stated here.

38. The Estate paid Estate Taxes based on the IRS Value of $315,617.00 for the Unknown Claim when the value of the Unknown Claim as of the DOD was less than one dollar ($1.00).

39. The United States government will be unjustly enriched to the extent it retains possession of the Estate Taxes paid based on the IRS Value.

40. The Estate is entitled to a refund of at least the following: (i) all Estate Taxes paid computed on the IRS Value of the Unknown Claim, $124,141.26; (ii) all interest paid on account of the late payment of Estate Taxes on account of the IRS Value of the Unknown Claim, $17,312.27; (iii) interest on the $124,141.26 and $17,312.27 from the date the Estate paid each amount; and (iv) amounts related to the Estate Taxes and interest fairly credited to the Estate for the increased administrative expenses caused by this claim for refund.

WHEREFORE, Plaintiff demands judgment equal to at least the amount requested in the Refund Request ($124,141.26), plus interest paid on this $124,141.26 ($17,312.00) plus interest on these amounts from the dates such amounts were paid until the date the judgment is paid, plus amounts related to Estate Taxes and interest to be credited to the Estate for increased administrative expenses, plus all such other relief as the Court may deem just, including the award of reasonable litigation costs incurred in this proceeding under 26 U.S.C. § 7430.

        THE BAYARD FIRM

        _/s/ Cheryl Siskin_
        Cheryl Siskin (DE Bar ID #3437)
        222 Delaware Avenue, Suite 900
        P.O. Box 25130
        Wilmington, Delaware 19899
        (302) 655-5000

        Attorneys for Plaintiff

Dated: May 13, 2005