# EXHIBIT E

Internal Revenue Service                    Department of the Treasury
                                            Internal Revenue Service
                                            Estate Tax
                                            409 Silverside Road
                                            Wilmington, De. 19809

Date: September 21, 2000                    Estate of: Barbara A. Bandurski
                                            Date of Death: 8/ 7/1998
Ms. Beverly J. Wik, Esq                     Decedent's Social Security Number:
The Bayard Group
919 Market Street                           Person to Contact: Stephen Del Rossi
Suite 1600
                                            Contact Telephone Number:
                                                    (302)791-4541

Dear Ms. Wik:

The Federal estate tax return (Form 706) indicated above has been assigned to me for examination. Would you please mail the following records to me by October 5, 2000:

(1) Copies of the decedent's Federal income tax returns (Form 1040) for the year of the decedent's death and the two preceding years, together with any examination reports thereto;

(2) Copies of all Federal fiduciary income tax returns (Form 1041), including Schedules K-1, filed by the estate (and trust(s), if any);

(3) A schedule showing all transfers greater than $2,500. (per donee) made by the decedent for less than an adequate and full consideration since September 8, 1976;

(4) Schedule B, item 2, please explain.

(5) Schedule D, item 2, submit verification.

(6) Schedule E:
a. Item 2-submit proof of the contribution claimed by the surviving joint owner.
b. Item 3-submit a copy of the appraisal.

(7) Real Estate: Schedule F, item 5-what is the value of the property if cleaned up? What is the cost of the clean up? What is the present value of the property as is?

(8) Closely Held Corporation: Schedule B, Item 3;
a. A statement of the nature of the business;
b. Financial data for the years 1993 through 1998, including:
  1. Balance sheets;
  2. Profit & loss statements;
  3. Statement of dividends paid;
  4. Statement of officer's salaries;
c. Number of shares outstanding; shareholder's names & number of shares each holds;
d. Description of the primary function of the corporation;
e. A detailed explanation of any stock sales or attempts to sell before or after the valuation date.
f. Do not resubmit any information originally submitted with the return.

(9) Schedule F, item 6, is 100% of the value included here?

(10) A "family tree" for the decedent going "up" from the decedent

RECEIVED
SEP 25 2000
BEVERLY J. WIK

one generation and "down" from the decedent two generations;

   (11) Copies of all probated wills and/or trust agreements made by any spouse of the decedent (on the date of such spouse's death) who predeceased the decedent after 1981.

   (12) Copies of any instrument, such as a power-of-attorney, guardianship, etc. which allows another person to act for the decedent.

   (13) A certified copy of the estate inventory and accounting as filed with the probate court. If there has been no formal estate accounting, please supply a copy of your informal estate accounting, showing receipts and disbursements;

   (14) Schedule I, item 1-is 100% of the asset included on this schedule?

   (15) Schedule J:
a. Items 8, 9 and 11-explain and submit verification.
b. Items 13, 14, 15, 16 and 19-please identify the assets appraised.

   (16) Schedule K:
a. Items 1, 2, 24, 25 and 33-submit verification.
b. Item 6-what were the services performed?

   (17) Schedule L: submit verification.

In your cover letter returning the above, would you please also state:

   (A)  Whether any assets shown on the estate tax return have been sold, or the subject of a sales or purchase offer within three years of the date of this letter (and if so, please state the date, price and terms);

   (B)  Whether you or your client have had an appraisal made (other than those attached to the Form 706 when originally filed, if any) within three years of the date of this letter of any asset included in the decedent's gross estate (and if so, please attach copies);

   (C)  Whether any additional deductions or assets have come to your attention since the filing of this return;

   (D)  Whether any "amended" estate tax return(s) have been filed.

After reviewing the above information, I will contact you to schedule a meeting to discuss the case. At our meeting, please have the following records available for my inspection:

   (i)  canceled checks, check ledgers and bank statements for the year of death and the preceding year for all bank/brokerage accounts over which the decedent had signatory authority (either individually or jointly);

   (ii) The estate's financial records including bank statements.

If you have any questions in this matter, please call me at the number shown above. Thank you for your cooperation.

Sincerely yours,

Stephen Del Rossi
Attorney (Estate Tax)

Encl:
Pubs 1, 5 594
Notice 609
L 3164E