# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF DELAWARE

ESTATE OF BARBARA A. BANDURSKI, )
)
Plaintiff, )
)
v. ) Civil No. 05-291 (GMS)
)
THE INTERNAL REVENUE SERVICE, )
)
Defendant. )

## ANSWER

DEFENDANT, by and through its attorneys, responds to the plaintiff's complaint seeking a refund of federal estate taxes as follows:

### FIRST DEFENSE

The Court lacks personal jurisdiction over the Internal Revenue Service ("Service"), an agency of the United States which is not authorized to be sued *eo nominee*. The United States should be substituted as the sole party defendant in this suit.

### SECOND DEFENSE

Plaintiff is barred by the doctrine of sovereign immunity from recovering any taxes, interest, and/or penalty in excess of the amount paid during the two (2) years immediately preceding filing an administrative claim for refund with the Service as set forth in 26 U.S.C. § 6511(b)(2)(B).

### THIRD DEFENSE

Plaintiff may be barred by the doctrine of sovereign immunity from recovery for failure to timely file an administrative claim as set forth in 26 U.S.C. § 6511(a).

## FOURTH DEFENSE

For its further answer, defendant responds to the numbered allegations of the complaint as follows:

1. This is a characterization of the plaintiff's complaint to which no response is required. To the extent a response is necessary, denies.

2. Denies, except to admit that the Service made an additional assessment after it was revealed during examination that decedent received a distribution of settlement proceeds from a class action lawsuit.

3. Defendant denies the allegations of the first, third and fourth sentences. Defendant lacks sufficient information or knowledge to form a belief as to the truth of the matters asserted in the second sentence.

4. Denies.

5. Admits.

6. Denies, except to admit that the Service made an assessment based on a value of $315,617.

7. Denies.

8. Defendant admits the allegations of the first sentence. Defendant denies the allegations of the second sentence for lack of information or knowledge, except to admit that decedent died in Delaware on August 7, 1998.

9. Defendant admits the allegations of the first sentence. Defendant admits that a copy of Form 706 is attached as Exhibit A, but denies all allegations contained therein unless expressly admitted elsewhere. Defendant admits the allegations of the second sentence, except to

deny for lack of information or knowledge the date the application for extension was filed. Defendant admits that a copy of Form 4768 is attached as Exhibit B, but denies all allegations contained therein unless expressly admitted elsewhere.

10. Denies for lack of information or knowledge, except to admit that the estate paid additional estate taxes in the amount of $78,389.51.

11. Denies for lack of information or knowledge, except to admit that the estate filed a claim for refund in August 2004. Defendant further admits that a claim for refund is attached as Exhibit C, but denies all allegations contained therein unless expressly admitted elsewhere.

12. Admits. Defendant further admits that Exhibit D is a true and correct copy of what it purports to be.

13. Admits.

14. Admits that the Court has jurisdiction under 28 U.S.C. § 1346(a)(1). Defendant denies the remaining allegations contained in paragraph 14 of plaintiff's complaint.

15. Denies for lack of information or knowledge.

16. Denies for lack of information or knowledge.

17. Denies for lack of information or knowledge.

18. Denies for lack of information or knowledge.

19. Denies for lack of information or knowledge.

20. Denies for lack of information or knowledge.

21. Denies the allegations of the first sentence for lack of information or knowledge. Defendant admits the allegations of the second sentence.

22. Admits.

23. Defendant admits the allegations of the first sentence. Defendant denies the allegations of the second sentence for lack of information or knowledge.

24. Denies for lack of information or knowledge.

25. Denies for lack of information or knowledge.

26. Denies for lack of information or knowledge.

27. Defendant denies the allegations of the first sentence for lack of information or knowledge. Defendant admits the allegations of the second sentence. Defendant further admits that an examination letter is attached as Exhibit E.

28. Admits.

29. Admits, except to state that the examination was not completed at the time the Service issued the discussion draft. Defendant further admits that a copy of the discussion report is attached as Exhibit F.

30. Admits.

31. Admits.

32. Admits. Defendant further admits that Exhibit G is a true and correct copy of the Report of Estate Tax Examination changes.

33. Admits.

34. Admits.

35. Denies that estate taxes were overpaid. Defendant admits the remaining allegations contained in paragraph 35 of plaintiff's complaint.

36. Admits.

37. Defendant incorporates its response to paragraphs one through thirty-three.

38. Denies, except to admit that the estate paid estate taxes based on a value of $315,617.

39. Denies.

40. Denies.

WHEREFORE having responded to the allegations in plaintiff's complaint, defendant respectfully requests that this Court:

A. dismiss the case with prejudice;

B. award the defendant its costs and attorneys fees; and

C. grant such other and further relief as may be deemed appropriate under the circumstances.

DATED: July 22, 2005

COLM F. CONNOLLY
United States Attorney

ELLEN W. SLIGHTS
Delaware Bar I.D. No. 2782
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046
(302) 573-6277
ellen.slights@usdoj.gov

/s/ Gerald A. Role
_____
GERALD A. ROLE
JENNIFER L. VOZNE
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
Phone: (202) 307-0461/307-6555
Fax: (202) 514-6866
Gerald.A.Role@tax.usdoj.gov
Jennifer.L.Vozne@tax.usdoj.gov

## AFFIDAVIT OF SERVICE

I, Kathie Gray, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on July 22, 2005, I electronically filed the foregoing **ANSWER** with the Clerk of Court using ECF which will send notification of such filing(s) to the following:

Cheryl Siskin, Esquire
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19801
bankserve@bayardfirm.com

Kathie Gray
Office of the United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899
(302) 573-6277
kathie.gray@usdoj.gov