IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF BARBARA A. BANDURSKI, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 05-cv-291 GMS |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

**JOINT STATUS REPORT**

Pursuant to Federal Rule of Civil Procedure 16, and Local Rule 16.2(b) the parties offer the following:

1. **Jurisdiction and Service:**

The Court has subject matter and personal jurisdiction. No parties remain to be served.

2. **Substance of the Action:**

This is an action in which plaintiff seeks a refund of Federal Estate taxes which it alleges were overpaid. Defendant contends that there was no overpayment, or, alternatively, that a portion of the refund sought is barred by operation of 26 U.S.C. § 6511.

3. **Identification of Issues:**

Decedent owned a 40-percent interest in Walter S. Bandurski, Inc. ("WBI"), a Delaware corporation. The principal issue in this case is the value of that interest as of August 7, 1998, the date decedent died. Plaintiff asserts that WBI had been dissolved as of that date. In 2000, WBI received $900,000 as its share of the settlement of a class action suit against the Delaware Solid Waste Management Authority, and, consistent with her 40-percent interest in WBI, $360,000 of

602951v2

that was paid into decedent's estate. Plaintiff contends the value of decedent's interest in WBI at the time of her death was zero. Defendant claims the value of the interest was $360,000.

A secondary issue is the timeliness of plaintiff's claim for refund. Defendant asserts that the statute of limitations bars recovery of any amounts paid by plaintiff prior to August 2, 2002. Plaintiff asserts that its refund claim was timely filed and that the full amount of the overpayment is properly included in Plaintiff's request for relief.

4.  **Narrowing of Issues:**

The parties believe that they should be able to enter into a stipulation of many of the facts of this case. Defendant believes the statute of limitations issue can be addressed in a motion for partial summary judgment.

5.  **Relief:**

Plaintiff's complaint seeks a refund of the amount it claims its overpaid, $141,452.53, along with interest, attorney fees and administrative expenses.

6.  **Amendment of Pleadings:**

Neither party expects to amend its initial pleading at this stage of the case.

7.  **Joinder of Parties:**

The parties do not anticipate the joinder of any other parties.

8. **Discovery:**

Expert testimony will be required on the valuation issue. Defendant will require discovery as to the history of WBI and its successors, as well as the class action litigation which resulted in the payment to plaintiff. No discovery has been propounded by either side. The parties propose a discovery cutoff of November 30, 2006.

9. **Estimated trial length:**

The parties estimate that three days will be needed for trial, including jury selection.

10. **Jury trial:**

Plaintiff has demanded a jury trial

11. **Settlement:**

There have been no settlement discussions yet. Defendant believes settlement discussions may be useful once some discovery has been completed. The parties do not believe referral to a magistrate judge for mediation or other alternative dispute resolution mechanisms are appropriate at this time.

12.  **Other matters:**

On September 6, 2005, the estate of decedent's ex-husband filed a complaint involving similar factual and legal issues. <u>Estate of Walter S. Bandurski v. Commissioner of Internal Revenue</u>, Case No. 1:05-cv-651 GMS (D. Del.) (the "Walter Bandurski Action"). The parties in this action believe it may be appropriate to consolidate the two cases for purposes of discovery and trial. The Estate of Walter S. Bandurski is represented by Mason Turner, Esquire of Prickett Jones and Elliott, P.A.[1]

Dated:  September 28, 2005.

THE BAYARD FIRM

_____
Cheryl Siskin (No. 3437)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
302-655-5000

/s/ Gerald A. Role_____
Gerald A. Role
Jennifer L. Vozne
United States Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
(202) 307-0461

---

[1] The complaint in the Walter Bandurski Action was served on the defendant on September 14, 2005, and according to the electronic docket system, the answer in that matter is due on November 14, 2005.