# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF BARBARA A. BANDURSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-291 (GMS) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| ------------------------------------------------- | ) | |
| ESTATE OF WALTER S. BANDURSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-651 (GMS) |
| | ) | |
| UNITED STATES, | ) | |
| Defendant. | ) | Consolidated Cases |

## BRIEF IN SUPPORT OF
## UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT
## AGAINST PLAINTIFF ESTATE OF BARBARA A. BANDURSKI

COLM F. CONNOLLY
United States Attorney

ELLEN W. SLIGHTS
Assistant U.S. Attorney

GERALD A. ROLE
JENNIFER L. VOZNE
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
(202) 307-0461/307-6555

*Attorneys for Defendant*

May 26, 2006

## TABLE OF CONTENTS

Procedural History ................................................................................................................ 1

Summary of the Argument ................................................................................................. 1

Statement of Facts .............................................................................................................. 1

Argument ............................................................................................................................ 2

Conclusion .......................................................................................................................... 3

## TABLE OF AUTHORITIES

26 U.S.C. § 6511(a) ............................................................................................................ 2

26 U.S.C. § 6511(b) ............................................................................................................ 2

26 U.S.C. § 7422(a) ............................................................................................................ 2

## PROCEDURAL HISTORY

This is an action for recovery of Federal estate taxes. Plaintiff filed its complaint on May 13, 2005; defendant's answer was filed on July 22, 2005. On January 9, 2006, the Court consolidated this action with Estate of Walter Bandurski v. United States, Case No. 1:05-cv-00651-GMS (D. Del.) for purposes of discovery and trial, as both cases involve many of the same legal and factual issues. Discovery is still underway in the consolidated cases.

## SUMMARY OF THE ARGUMENT

The potential recovery by plaintiff Estate of Barbara Bandurski, should it prevail, is limited by operation of the statute of limitations.

## STATEMENT OF FACTS

1. Barbara A. Bandurski died on August 7, 1998. (Complaint, D.I. 1, ¶ 8.)

2. On May 6, 1999, plaintiff filed an IRS Form 4768 (Application for Extension of Time to File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes) and made an estimated estate tax payment of $590,000.00. (Govt. Ex. A; Complaint, D.I. 1, ¶ 9.)

3. On December 20, 1999, plaintiff filed an IRS Form 706 (United States Estate (and Generation-Skipping Transfer) Tax Return) which showed a liability of $453,289.00. (Govt. Ex. 1; Complaint, D.I. 1, ¶ 9.)

4. On December 20, 1999, the Internal Revenue Service issued a refund of $136,711.00. (Govt. Ex. 1.)

5. On July 15, 2002, a delegate of the Secretary of the Treasury assessed additional estate tax of $78,389.51 and $17,312.27 in interest against plaintiff as the result of an examination. (Govt. Ex. 1.)

  6. On August 5, 2002, plaintiff paid $95,701.78, which covered the additional assessment and interest in full. (Govt. Ex. 1; Complaint, D.I. 1, ¶ 10.)

  7. By letter dated August 2, 2004, plaintiff filed an IRS Form 843 (Claim for Refund and Request for Abatement) seeking a refund of "at least $124,141.26." (Complaint, D.I. 1, ¶ 11 & Ex. C.)

  8. By letter dated September 23, 2004, defendant denies plaintiff's claim for refund. (Complaint, D.I. 1, ¶ 12.)

### ARGUMENT

RECOVERY OF PAYMENTS MADE BEFORE
AUGUST 2, 2002 IS BARRED BY THE
STATUTE OF LIMITATIONS.

A claim for refund must be filed three years form the time the return was filed, or two years after the tax was paid, whichever comes later. 26 U.S.C. § 6511(a). No credit or refund can be allowed or made unless it is filed within that time. 26 U.S.C. § 6511(b). If claims are not made timely, there is no jurisdiction for the court to entertain the refund suit. 26 U.S.C. § 7422(a).

If plaintiff filed its claim for refund on August 2, 2004, that claim could only encompass returns filed no earlier than three years before -- August 2, 2001 -- or taxes paid no earlier than two years prior, August 2, 2002. It is undisputed that the only activity on this account during the three years prior to the August 2, 2004 claim for refund was plaintiff's payment of $95,701.18 on

August 5, 2002. Accordingly, plaintiff, if it prevails in this action, cannot recover more than that amount.[1]

## CONCLUSION

Plaintiff's potential recovery is limited by the statute of limitations. For this reason, defendant requests that its motion for partial summary judgment be granted, and that the Court enter an order limiting plaintiff's highest potential recovery in this action to $95,701.78, plus statutory interest.

DATED:  May 26, 2006.

                                                                       Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

ELLEN W. SLIGHTS
Assistant U.S. Attorney

/s/ Gerald A. Role
GERALD A. ROLE
JENNIFER L. VOZNE
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
(202) 307-0461/307-6555

*Attorneys for Defendant*

---

[1] Plaintiff, however, would be entitled to statutory interest on any amount it might recover.