IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF BARBARA A. BANDURSKI, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-291 (GMS) |
| | ) | |
| v. | ) | CONSOLIDATED CASES |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| ESTATE OF WALTER S. BANDURSKI, | ) | |
| | ) | C.A. No. 05-651 (GMS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BRIEF OF PLAINTIFF ESTATE OF BARBARA A. BANDURSKI IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGEMENT OF DEFENDANT UNITED STATES**

**GOLLATZ, GRIFFIN & EWING, P.C.**

/s/ Sheriden T. Black (#4382)
Sheriden T. Black (#4382)
1700 West 14th Street
Wilmington, DE 19806
(302) 655-8181

*Attorneys for Plaintiff, Estate of Barbara A. Bandurski*

## TABLE OF CONTENTS

I.      Statement of the Nature and the Stage of the Proceeding ........................................ 1

II.     Summary of Argument ........................................................................................... 2-3

III.    Counter Statement of Facts ................................................................................... 3-6

IV.    Legal Argument ....................................................................................................... 6-21

        A.      Plaintiff is Entitled to a Refund Based Not Only on the Taxes and
                Interest Paid Within the Two-Year Period Preceding the Filing of Its
                Refund Claim, But Also on the Reduction in Tax Attributable to its
                Deductions for Attorneys Fees, Commissions and Expenses Incurred in
                Prosecuting the Refund Claim.................................................................    6

        B.      Even Were it Not for Treasury Regulation 20.2053-3(c)(2), The Estate's Letter
                Dated June 12, 2002, Accompanying the Form 890 Clearly Identifies to
                the Government on Notice That the Estate was Seeking to Recover for the
                Additional Administrative Expenses and Attorneys' Fees it
                Incurred in Connection with Prosecuting its Refund Claim........................   17

        C.      Judicial Economy Favors Denial of Summary Judgment Because the
                Matter at Issue Will Be Moot Should Plaintiff Fail to Prevail on the
                Substantive Valuation Issue........................................................................    20

V.     Conclusion ...............................................................................................................    21

# TABLE OF AUTHORITIES

**Cases**                                                                              Page(s)

Bankers Trust Company v. U.S., 438 F.2d 1046 (2d Cir. 1971).............................. 9-10, 14

Silverman v. McGinnes, 170 F.Supp. 831 (E.D.Pa.1959) ...................................... 9

Duncan v. U.S., 148 F.Supp. 264 (D.Mass.1957) ................................................... 9-10, 12-13

Bohnen v. Harrison, 232 F.2d 406 (7 Cir. 1956) .................................................... 9, 13

Frank v. Granger, 145 F.Supp. 370 (W.D.Pa.1956) ............................................... 9

Action on Decision in In Re: Bankers Trust Co. Et Al, Co-exrs.,
Est. Mae Moffat, Dec'd. V. U.S., 1971 WL 29138 (IRS AOD Apr. 6, 1971)........ 10

Estate of Kjorvstead v. U.S., 47 A.F.T.R.2d 81-1635, 81-1 USTC P 13, 401, 1981
WL 1804 (D.N.D. March 10, 1981).................................................................... 13-14

U.S. v. Kales, 314 U.S. 186, 62 S. Ct. 214, 218 (1941) ......................................... 17-18

D'Amelio v. U.S., 679 F.2d 313, 315 (3d Cir. 1982).............................................. 17-18

Kuehn v. U.S., 480 F.2d 1319 (Ct. Cl. 1973)........................................................... 17

Barenfeld v. U.S., 442 F.2d 371, 374 (Ct. Cl. 1973)............................................... 18

Bank of Clearwater v. U.S., 7 Cl. Ct. 289 (Ct. Cl. 1985)........................................ 21

**Statutes and Regulations**

Treas. Reg § 20.2053-3(c)(2) ................................................................................... 2, 7-17, 19

26 U.S.C. § 6511(b) ................................................................................................. 3, 9, 12, 13

26 U.S.C. § 6511(b)(2)............................................................................................. 5

26 U.S.C. § 6511 ...................................................................................................... 7, 14

26 U.S.C. § 6511(b)(2)(B) ....................................................................................... 7, 9, 16, 21

26 U.S.C. § 212(3).................. ................................................................................. 15

**Statutes and Regulations**

26 U.S.C. § 6511(a)............................................................................................ 9, 20

26 U.S.C. § 6511 (b)(2)(A)................................................................................ 19-20

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ESTATE OF BARBARA A. BANDURSKI, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-291 (GMS) |
| | ) | |
| v. | ) | CONSOLIDATED CASES |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ——————————————————— | ) | |
| | ) | |
| ESTATE OF WALTER S. BANDURSKI, | ) | |
| | ) | C.A. No. 05-651 (GMS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BRIEF OF PLAINTIFF ESTATE OF BARBARA A. BANDURSKI
IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT UNITED STATES**

## I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

This matter appears before this Court on a Motion for Partial Summary Judgment filed by the Defendant, the United States ("Defendant").  Defendant seeks through its Motion to limit the recovery potentially available to Plaintiff Estate of Barbara A.  Bandurski ("Plaintiff" or "Estate") by seeking to preclude Plaintiff from recovering any overpayment of estate taxes in excess of the taxes paid in the amount of $78,389.51, plus interest in the amount of $17,312.27, both of which Plaintiff paid on August 2, 2002.

Plaintiff commenced this present action by filing a Complaint on May 13, 2005 against Defendant following Defendant's denial of Plaintiff's claim for a refund for overpayment of estate taxes. This Court consolidated this action with an action styled Estate of Walter S. Bandurski v. U.S., Case No.: 1:05-cv-00651-GMS (D. Del.) for discovery and trial given the similarity of the core issue at stake in the refund claim, namely a dispute over the date of death value of a speculative class action claim that settled and first became known to the Estate of Barbara Bandurski months after it filed the Form 706, Federal Estate (and Generation-Skipping Transfer) Tax Return. Discovery is still proceeding in the consolidated actions.

## II.    SUMMARY OF ARGUMENT

1.     Plaintiff's potential recovery should it prevail on its refund claim (which is not at issue in the instant Motion) is not limited by the amount of taxes and interest paid two years prior to Plaintiff's filing of a claim for a refund with the Internal Revenue Service ("IRS") because the Department of the Treasury, by regulation, specifically authorizes an estate to assert and claim any overpayment based on attorneys' fees and expenses incurred in connection with defending against a deficiency assessment and prosecuting a claim for refund. Treas. Reg. §20.2053-3(c)(2).

2.     Because Plaintiff has incurred and is continuing to incur legal fees, costs and administrative expenses in defending against Defendant's assertion of a deficiency in the payment of estate taxes, and in prosecuting its claim for refund, Plaintiff is specifically permitted to recover not only the full amount of the refund and interest paid on August 2, 2002, but also the overpayment of estate taxes attributable to additional deductions permitted to be asserted by Plaintiff in prosecuting its refund claim. Courts have applied the referenced regulation and have

2

held that the general limitation provided by 26 U.S.C. § 6511(b) does not apply to limit the ability of an estate to recover any overpayment of estate taxes based on the increased deduction available to an estate for attorneys' fees and expenses incurred in defending against a deficiency assessment and prosecuting a claim for a refund of an overpayment of estate taxes.

3.      The IRS has been well aware throughout the refund process that Plaintiff intended to seek a refund based on its deductions for attorneys' fees and other administration expenses. Prior to filing its formal refund claim on Form 843, Plaintiff notified the IRS by letter, dated June 12, 2002, that Plaintiff intended to seek a refund based on the IRS assessment of deficiency. Plaintiff informed the IRS that it intended to pay the assessed deficiency, and then seek a refund based not only on the deficiency amount but also on the additional attorneys' fees, expenses and administrative fees and commissions incurred in prosecuting the refund claim.  This letter was sent by Plaintiff and received by the IRS within the three-year period after Plaintiff filed Form 706 with the IRS.

4.      In any event, Defendant's motion is premature given the fact that a decision on the merits of the refund is necessary before this Court needs to address whether there is any limitation on Plaintiff's recovery in this case.  As explained, *infra* at pp. 20-21, the issue presented by Defendant's motion could become moot, depending on how the limitation issue is decided, and judicial economy favors denial of summary judgment until that time.

## III.    COUNTER STATEMENT OF FACTS

The decedent, Barbara A. Bandurski, died on August 7, 1998.  On May 6, 1999, Plaintiff filed a Form 4768, Application for Extension of Time to File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes, and made an estimated payment of taxes in the

3

amount of $590,000.00.  On November 8, 1999, Plaintiff filed Form 706, the United States

Estate (and Generation-Skipping Transfer) Tax Return ("Estate Tax Return") in which it

reflected Plaintiff's estate tax liability as $453,289.00, and requested a refund of the overpayment

of estimated taxes (Complaint, p. 3, ¶ 9).  Defendant refunded $136,711.00 to Plaintiff on or

about December 20, 1999.

On or about September 25, 2000, Plaintiff received a letter from the IRS, dated

September 15, 2000, advising that the IRS intended to conduct an examination of Plaintiff's

Estate Tax Return.  (Complaint, p.5, ¶ 27).  Plaintiff advised the IRS that, since the filing of its

Estate Tax Return, Plaintiff received $360,000.00, consisting of the decedent's share of a class

action settlement involving a company in which decedent had held an interest, but which had

been liquidated and dissolved prior to the decedent's death.  (Complaint, p.6, ¶ 28).  The

decedent had no knowledge of a potential cause of action on her date of death, and the Estate had

no knowledge of it until months after it filed the Form 706 Estate Tax Return. (Complaint, p.5, ¶

26).  That class action settlement will hereinafter be referred to as the "Unknown Claim."

Defendant conducted its examination and issued a Discussion Draft of a Report of Estate Tax

Examination Changes dated February 18, 2002, which increased the taxable estate by the value

of the proceeds from the Unknown Claim.  (Complaint, p.6, ¶¶ 29-30).

On or about May 10, 2002, Defendant recalculated the value of the Unknown Claim as of

decedent's date of death and computed its value at $315,617.  (Complaint, p.6, ¶ 32).  On June

12, 2002, Plaintiff executed Form 890 (Waiver of Restrictions on Assessment and Collection of

Deficiency in Tax and Acceptance of Overassessment, Estate, Gift and Generation-Skipping

Transfer Tax).  (Form 890, attached at Exhibit "A" with cover letter dated June 12, 2002).

4

On August 2, 2002, Plaintiff paid additional estate taxes in the amount of $95,701.78 ($78,389.51, plus interest in the amount of $17,312.27). (Complaint, p.3, ¶ 10). The increase in taxes paid by Plaintiff was attributable to the IRS' valuation of the Unknown Claim, with which Plaintiff disagreed, and legal fees, administrative expenses and other deductions against the decedent's taxable estate as of the date reflected on the Form 890. At that time, Plaintiff notified the IRS of its intent to file a refund claim and its intent to seek a refund based on the increased legal fees administrative fees and costs, and expenses incurred by Plaintiff in prosecuting its refund claim.

On August 2, 2004, Plaintiff filed a claim for refund on Form 843 seeking a refund of an overpayment of estate taxes based on its contention that the date of death value of the Unknown Claim was less than $1.00, and a refund of overpaid taxes attributable to a decrease in the value of the decedent's taxable estate. The decrease in value resulted from: (i) the decreased date of death value of the Unknown Claim; and (ii) increased administrative expenses and legal fees incurred in challenging the examination and assertion of deficiency and prosecuting a claim for the refund. On September 29, 2004, the IRS rejected the refund request, and, on May 13, 2005, Plaintiff filed its complaint in this action.

Defendant has now filed the instant Motion for Partial Summary Judgment asserting that Plaintiff is precluded from recovering any amount of refund other than the $95,701.78, based on the increased value of the Estate resulting from IRS' date of death valuation of the Unknown Claim ($78,389.51 plus $17,312.27 in interest), paid on August 2, 2002 to satisfy the IRS' deficiency assessment. For the reasons more fully set forth herein, Defendant's position is incorrect, and the limitations in Section 6511(b)(2) of the Internal Revenue Code (the "IRC") do

5

not preclude the Court from awarding a refund in excess of $95,701.78 based on attorneys' fees,

expenses and costs incurred by the Estate in prosecuting its claim for refund and defending

against the deficiency assessment.

IV.    **LEGAL ARGUMENT**

        A.    **Plaintiff is Entitled to a Refund Based Not Only on the Taxes
and Interest Paid Within the Two-Year Period Preceding the
Filing of Its Refund Claim, But Also on the Reduction in Tax
Attributable to its Deductions for Attorneys' Fees, Commis-
sions and Expenses Incurred in Prosecuting the Refund Claim.**

Section 6511 of the IRC governs the time periods applicable for filing a claim for a

refund with respect to any tax return. Section 6511 requires the filing of a refund claim within

the later of three years of the date the tax return is filed, or within two years of the date that a tax

is paid. Section 6511 provides, in pertinent part, the following:

    (a) Period of limitation on filing claim.--Claim for credit or refund
of an overpayment of any tax imposed by this title in respect of
which tax the taxpayer is required to file a return shall be filed by
the taxpayer within 3 years from the time the return was filed or 2
years from the time the tax was paid, whichever of such periods
expires the later, or if no return was filed by the taxpayer, within 2
years from the time the tax was paid. . . .

    (b) Limitation on allowance of credits and refunds.--

    (1) Filing of claim within prescribed period.--No credit or refund
shall be allowed or made after the expiration of the period of
limitation prescribed in subsection (a) for the filing of a claim for
credit or refund, unless a claim for credit or refund is filed by the
taxpayer within such period.

    (2) Limit on amount of credit or refund.--

    (A) Limit where claim filed within 3-year period.--If the claim
was filed by the taxpayer during the 3-year period prescribed in

6

subsection (a), the amount of the credit or refund shall not exceed
the portion of the tax paid within the period, immediately
preceding the filing of the claim, equal to 3 years plus the period
of any extension of time for filing the return. . . .

(B) Limit where claim not filed within 3-year period.--If the claim
was not filed within such 3-year period, the amount of the credit
or refund shall not exceed the portion of the tax paid during the 2
years immediately preceding the filing of the claim.

26 U.S.C. § 6511. Therefore, with respect to a refund claim, a claim for credit or refund of an

overpayment is allowed to be filed within the longer of three years from the date of the filing of

the tax return or two years from the time the tax was paid. Section 6511 contains an additional

provision that limits the amount of refund for a claim filed more than three years from the return

filing date to the amount of tax paid during the two years immediately preceding the filing of the

refund claim. 26 U.S.C. § 6511(b)(2)(B).

However, the Treasury Regulations promulgated by the United States Department of the

Treasury relating to the estate tax provisions of the IRC specifically carve out an exception to

Section 6511 for attorneys' fees and administrative expenses incurred in contesting a deficiency

assessment or prosecuting a claim for a refund. Treasury Regulation § 20.2053-3(c)(2) provides

that a deduction for attorneys' fees incurred in contesting an asserted deficiency or in prosecuting

a claim for refund should be claimed at the time the deficiency is contested or the refund claim is

prosecuted. This provision is logical, because the amount of those fees cannot be determined

until that time. Moreover, Treasury Regulation § 20.2053-3(c)(2) provides that the deduction for

reasonable attorneys' fees actually paid in contesting an asserted deficiency will be allowed even

though the deduction was not claimed in the claim for a refund. Treasury Regulation § 20.2053-

3(c)(2) provides, in pertinent part, the following:

7

(2) A deduction for attorneys' fees incurred in contesting an asserted deficiency or in prosecuting a claim for refund *should be claimed at the time the deficiency is contested or the refund claim is prosecuted.* A deduction for reasonable attorneys' fees actually paid in contesting an asserted deficiency or in prosecuting a claim for refund will be allowed *even though the deduction, as such, was not claimed in the estate tax return or in the claim for refund.* A deduction for these fees shall not be denied, and the sufficiency of a claim for refund shall not be questioned, solely by reason of the fact that the amount of the fees to be paid was not established at the time that the right to the deduction was claimed.

Treas. Reg. § 20.2053-3(c)(2)(emphasis added). This Treasury Regulation specifically addresses the case at bar.

Plaintiff is seeking not only a refund of the estate taxes paid to satisfy the IRS' asserted deficiency of taxes paid on the Unknown Claim, but also of additional taxes the Estate paid for which it is now entitled to a deduction based on its continuing attorneys' fees, commissions, accounting and appraisal fees, costs and legal expenses incurred in challenging Defendant's assertion of deficiency and prosecuting Plaintiff's claim for the refund, including opposing this Motion. The IRS conducted the audit exposing Plaintiff to additional attorneys' fees, executors commissions and expenses in connection with the examination of the Estate Tax Return and these costs are continuing. It is disingenuous to preclude Plaintiff from recovering these amounts on the basis they were not claimed within two years of the refund claim when they were not identifiable at that time and are ongoing until the conclusion of this action.

Courts have recognized the significance of Treasury Regulation § 20.2053-3(c)(2) and held that the regulation renders the limitation on a refund claim to the amount of tax paid within the two years preceding the filing of the refund inapplicable to an estate tax proceeding seeking a

8

refund.  In <u>Bankers Trust Co. v. U.S.</u>, 438 F.2d 1046 (2d Cir. 1971), the United States Court of

Appeals for the Second Circuit held that an estate was entitled not only to the full amount of the

refund paid within the two-year period preceding the filing of the refund claim, but also to an

additional amount based on the application of a deduction for attorneys' fees which were

incurred by the estate in prosecuting the refund claim.  The Court ruled that Treasury Regulation

§ 20.2053-3(c)(2) rendered the limitation on the amount of a refund claim inapplicable, stating

the following:

> It is apparent, however, that a claim for attorneys' fees in the
> prosecution of a refund action is not governed by the time
> limitations of Sec. 6511(a).  Such a claim need not be set forth in
> the refund claim but may be asserted for the first time in the
> complaint prosecuting the claim for refund, and the complaint may
> be amended to reflect a request for attorneys' fees any time prior to
> entry of judgment.  Treas.Reg.Sec. 20.2053-3.  <u>See</u> <u>Silverman v.
> McGinnes</u>, 170 F.Supp. 831 (E.D.Pa.1959); <u>Duncan v. United
> States</u>, 148 F.Supp. 264 (D.Mass.1957); <u>Bohnen v. Harrison</u>, 232
> F.2d 406 (7 Cir. 1956); <u>Frank v. Granger</u>, 145 F.Supp. 370
> (W.D.Pa.1956).  Thus, so long as the refund action is timely, a
> claim for attorneys' fees will be allowed even though made outside
> the time limitations of Sec. 6511(a).

<u>Id</u>. at 1047-1048.  The Second Circuit, therefore, held that the estate was not limited to the

amount of taxes paid within the two-year period preceding the filing of the refund claim under

Section 6511(b) of the Code based on the overriding provisions of Treasury Regulation

§ 20.2053-3(c)(2) dealing specifically with attorneys' fees incurred by estates in prosecuting

refund claims.

    It is telling that the IRS reacted to the <u>Banker's Trust</u> decision by issuing an Action on

Decision ("AOD") declining  to acquiesce in the Second Circuit's ruling, but determining not to

petition the United States Supreme Court for *certiorari*.   The AOD clearly recognized the IRS'

difficulty, based on the language of Regulation § 20.2053-3(c)(2), in maintaining its position that

an estate's refund claim was limited to the amount of tax and interest paid in the two-year period

preceding the filing of the refund claim.  According to the AOD:

> *The difficulty the Government faces is that Section 20.2053-3(c)(2)*
> *of the Estate Tax Regulations states that a deduction for attorneys'*
> *fees 'actually paid in contesting an asserted deficiency or in*
> *prosecuting a claim for refund <u>will be allowed</u> . . .'*  The problem
> arises where the court rules for the plaintiff, as in this case
> [<u>Bankers Trust</u>], and then determines that a further amount of tax is
> recoverable on account of the attorneys' fee deduction.
>
> The Second Circuit Court of Appeals affirmed the determination of
> the District Court that Section 6511(b)(2)(B) does not bar a refund
> of estate taxes on account of the additional deduction for attorneys'
> fees, stating: '. . . a claim for attorneys' fees in the prosecution of
> a[n estate tax] refund action is not governed by the time limitations
> of Sec. 6511(a).'  Accord, <u>Duncan v. United States</u>, 143 F. Supp.
> 264 (D. Mass. 1957).
>
> Since there is no conflict and the issue is not of great
> administrative importance, Supreme Court review is not warranted.

<u>Action on Decision in In Re: Bankers Trust Co. Et Al, Co-exrs., Est. Mae Moffat, Dec'd. v. U.S.</u>,

1971 WL 29138 (IRS AOD Apr.  6, 1971)(emphasis added).

    The Second Circuit recognized that if it applied the IRS' interpretation, a party that

unsuccessfully challenged a deficiency assessment and recovered none of the corresponding

taxes could still recover attorneys' fees to the extent of the balance of the taxes paid within the

two-year period preceding the filing of the refund claim.  However, a party that successfully

challenged the entire deficiency, would recover nothing for deducting the attorneys' fees and

expenses it  incurred in proving that the IRS improperly assessed the deficiency.  In that case, all

10

of the taxes paid in response to the improper deficiency assessment would be returned and there would be no remaining taxes paid within the two-year period from which the estate could receive a refund for deductions attributable to its expenses and attorneys' fees. This would create an anomalous result. As the Second Circuit described it: "If the monetary limitation rule were imposed on claims for attorneys' fees, a party claiming a refund of a deficiency assessment would be entitled to recover attorneys' fees only if he failed to recover the full amount of the assessed deficiency." Id. At 1048. A party who is completely successful in proving that the IRS improperly assessed the deficiency would be entitled to no relief despite the fact that attorneys' fees were incurred in obtaining that victory. Although a victory is not a prerequisite for recovering attorneys' fees, costs and expenses under Regulation § 20.2053-3(c)(2), the irony becomes apparent if the Defendant's position is adopted. A taxpayer who loses the refund claim can nevertheless seek to recover the amount of tax attributable to the increased deduction available to the estate for attorneys' fees, expenses and costs at least up to the amount of the tax paid, but the victorious estate who recovers the full refund at trial is denied that same recovery if they prove that the IRS position was completely (not partially) improper.

Treasury Regulation § 20.2053-3(c)(2) clearly excepts from the limitation claims for attorneys' fees incurred in filing and prosecuting a claim for a refund, or contesting an asserted deficiency, on behalf of an estate. The specific exception limits the broad scope of Section 6511. Because Treasury Regulation § 20.2053-3(c)(2) is narrowly tailored to estates, the specific Regulation clarifies and limits the application of the general statutory provision.

Other courts have applied this reasoning in concluding that the amount of the refund is not limited to the amount of tax paid within two years where attorneys' fees and expenses are

11

incurred in prosecuting the refund claimed.  For example, in <u>Duncan v. U.S.</u>, 148 F. Supp. 264

(D. Mass. 1957), the United States District Court for the District of Massachusetts held that the

time limitations restricting the amount of a refund to the amount of tax paid did not apply to a

refund based on additional deductions that an estate was entitled to for the attorneys' fees and

costs incurred in prosecuting a claim for the refund.  The District Court reasoned that:

> The taxpayer, of course, has no right to the deduction of attorneys'
> fees until such expense has actually been incurred. Where, as here,
> taxpayer pays a deficiency assessed after payment of the original
> tax, and then claims a refund, he still does not know, until the
> claim is rejected, whether he will ever have to incur the expense of
> prosecuting an action to recover the payment. At best, he can only
> go through the formality of claiming a refund based on a deduction
> to which he might become entitled sometime in the future. The
> strict application of § 910 [the predecessor to Section 6511(b)]
> would result in an inequitable treatment of such claims for
> deduction.  A taxpayer such as plaintiff here who prevails to the
> extent of recovering the full amount of the deficiency payment
> made within the three years before the filing of his refund claim
> would be denied a deduction for attorneys' fees while the litigant
> who recovers less than the full amount of his claim might be able
> to secure the deduction.

<u>Id.</u> at 268.  The <u>Duncan</u> Court recognized that it was unreasonable to require a taxpayer to file a

speculative claim for a refund for attorneys' fees that might be incurred in prosecuting the claim

for refund.  Rather, applying the language of the Regulations applicable to refunds for attorneys'

fees and costs incurred by an estate in prosecuting a claim for refund, the District Court held that

the time limitations of the predecessor to Section 6511 did not apply to preclude the ability of an

estate taxpayer to recover the full amount of attorneys' fees and costs incurred in challenging a

deficiency assessment and prosecuting a claim for refund.

In reaching that conclusion, the <u>Duncan</u> court observed  that:

12

> Congress cannot have intended § 910 [the predecessor to Section
> 6511(b)] to require the taxpayer to indulge in such a futile
> formality in order to protect his right to a deduction to which he
> may in the future become entitled. The limitation on the amount of
> refund under § 910 does not require the denial to plaintiff here of
> the recovery based on the allowance of a deduction for attorneys'
> fees for the prosecution of his claim for refund simply because he
> recovers the full amount of his claim and thus the full amount he
> has paid in the three years preceding his claim for refund.

Id. at 268-269. Hence, the Duncan court recognized the incongruity of preventing a taxpayer

who fully recovers a refund and, therefore demonstrates that the IRS was completely wrong in

assessing the deficiency, from recovering the attorneys' fees to prosecute that refund when a

taxpayer who only recovers a partial refund would be entitled to use the balance of the amount of

tax paid to recover its attorneys' fees and costs. This clearly is an absurd result.

Similarly, the United States Court of Appeals for the Seventh Circuit, in Bohnen v.

Harrison, 232 F.2d 406 (7th Cir. 1956), recognized that a deduction for attorneys' fees incurred in

prosecuting a claim for refund by an estate should be claimed at the time the refund is

prosecuted. The Seventh Circuit reasoned that had the Commissioner applied the law correctly

and not assessed the deficiency, then there would not have been an additional payment of tax. As

a result, the estate would have not incurred additional attorneys' fees which in turn increased the

amount that the estate could deduct as expenses attributable to the estate.

Moreover, in Estate of Kjorvstead v. U.S., 47 A.F.T.R.2d 81-1635, 81-1 USTC P 13, 401,

1981 WL 1804 (D.N.D. March 10, 1981), the United States District Court for the District of

North Dakota permitted an estate to amend its refund claim to assert an entitlement to a

deduction from the estate taxes paid based on increased attorneys' fees, commissions and

expenses incurred in litigating the refund action. In that case, the District Court recognized that,

13

even though the estate failed to make a claim for attorneys' fees, commissions and expenses in its

original complaint, the amendment was permissible under Treasury Regulation § 20.2053-

3(c)(2), which clearly recognized that any deduction for attorneys' fees in contesting a deficiency

and prosecuting a refund claim had to be made at the time the claim was prosecuted. In

Kjorvstead, the estate filed its refund claim more than three years after filing the return and less

than 2 years after paying the asserted deficiency. 1981 WL 1804 at *2. The District Court

permitted the amendment and, in doing so, cited Treasury Regulation § 20.2053-3(c)(2) and

Bankers Trust to support its conclusion.[1] Id. at *6. The District Court specifically allowed the

estate to recover the tax attributable to the increased deduction available for the attorneys' fees

and administrative expenses "reasonably and necessarily required in the usual and customary

settlement of an estate plus the amount reasonably and necessarily required to prosecute the

claim for refund." Id.

Basically, when Section 6511 is applied to an estate, harsh results can occur if the law is

not applied as the Second Circuit aptly recognized in Bankers Trust. In contrast, when applied

to an income tax return, Section 212 of the Internal Revenue Code avoids these harsh results by

allowing a deduction for fees and expenses incurred in connection with the collection or

production of income. For a cash basis (or an accrual basis taxpayer for that matter) it is the

payment of the attorneys' fees and expenses (or the accrual of those attorneys' fees and expenses)

---

In Kjorvstead, the taxpayer actually lost the refund claim. The District Court recognized that success on the refund claim was not a prerequisite to a deduction for the legal fees, costs and expenses for the estate. Id. at *6. The Defendant did not oppose the taxpayer's amendment or its entitlement to the legal fees, expenses and costs in that case.

that gives the right to the deduction *in the year that they are incurred*.  Section 212

provides as follows:

> In the case of an individual, there shall be allowed as a deduction
> all the ordinary and necessary expenses paid or incurred during the
> taxable year--
>
> (3) in connection with the determination, collection, or refund of
> any tax.

26 U.S.C. § 212(3).  Therefore, an income taxpayer seeking to prosecute a refund claim is

entitled to a deduction in the year that the expenses are paid or incurred, not in the prior tax year

at issue in the refund action.  Because the income taxpayer ultimately has the ability to claim

these expenses on a later return, no hardship arises.

With an estate, however, where the attorneys' fees and expenses are typically claimed on

a single Form 706 reflecting as of a decedent's death any and all deductions through the entire

administration of the estate (which is often amended by supplemental filing to reflect increase in

deductions), a severe hardship results where the Commissioner asserts a deficiency, the estate

pays the asserted deficiency and files an action for a refund, and then attempts to obtain a

deduction from the original estate tax paid based on the increasing amount of attorneys' fees and

expenses.  In contrast to refund claims by taxpayers filing annual tax returns, there is no ability

for an estate taxpayer to utilize these fees and expenses as deductions on subsequent tax returns.

Because these expenses and fees are claimed on a Form 706 and can reduce the estate tax,

Treasury Regulation § 20.2053-3(c)(2), which applies only to an estate tax proceeding, properly

recognizes that the expenses and fees should be claimed at the time the refund action is

prosecuted.  Thus, applying the Regulation, which deals specifically with estates, the deduction

15

for attorneys' fees and expenses must be allowed provided such deduction is claimed in the action for the refund. If so claimed, as in the instant case, the estate is entitled to a full refund for the estate taxes attributable to such expenses, whether or not the taxes were paid within two years from the filing of the claim for refund. The Regulation is not limited by nor does it say that it is subject to Section 6511. Therefore, the IRS cannot invoke Section 6511(b)(2)(B) for the purpose of limiting the ability of Plaintiff to recover not only the full amount of the estate taxes paid on the Unknown Claim but also any reduction in estate taxes based on increased attorneys' fees necessitated by the Government's deficiency assessment and the estate's challenge to that assessment and refund prosecution.

Defendant seeks summary judgment to limit the Estate's maximum recovery in this case to $95,701.18 consisting of the additional tax and interest Plaintiff paid to Defendant on August 2, 2002. Plaintiff has incurred, and is continuing to incur, legal fees, appraisal fees, and other costs and expenses in connection with prosecuting the claim for refund. The Secretary of the Treasury promulgated Regulation § 20.2053-3(c)(2) and cannot now avoid the effect of that Regulation on this claim by limiting Plaintiff's recovery solely to the amount of taxes and interest paid in the two-year period preceding the filing of the refund claim. Rather, because the Regulation allows the recovery of additional amounts for the deduction of fees and expenses incurred in prosecuting a refund, Defendant's Motion for Summary Judgment should be denied. The Estate should be permitted to obtain not only the full value of the refund for the alleged deficiency, but also any additional amounts based on a recalculation of the estate tax that reflects deductions for attorneys' fees and expenses incurred in prosecuting the refund claim.

16

B.    **Even Were it Not for Treasury Regulation § 20.2053-3(c)(2), the Estate's Letter Dated June 12, 2002 Accompanying Form 890 Clearly Put the Government on Notice That the Estate Was Seeking to Recover for the Additional Administrative Expenses and Attorneys' Fees It Incurred in Connection with Prosecuting its Refund Claim.**

The United States Supreme Court has recognized that a letter fairly advising the Commissioner of the nature of a taxpayer's claim for refund will be treated as a "claim filed within the proper time" especially where any formal defects and lack of specificity have been remedied by an amendment filed after the lapse of the statutory period and the claim has not misled the commissioner. See U.S. v. Kales, 314 U.S. 186, 62 S. Ct. 214, 218 (1941). In Kales, the IRS issued a jeopardy assessment against the taxpayer. In response, the taxpayer issued a payment to the IRS accompanied by a letter stating that, to the extent the jeopardy assessment should be set aside, the taxpayer was asserting a right to a refund of said tax to the extent of such excess. Id. at 194, 62 S. Ct. at 218. The taxpayer later filed a formal claim for refund, which was filed beyond the statute of limitations. The Supreme Court deemed the refund request timely because the taxpayer's letter was sent within the time limitation and apprised the IRS of its intention to file a claim for refund, the basis for the refund and the items that the taxpayer claimed were entitled to be refunded.

The United States Court of Appeals for the Third Circuit has in fact recognized the validity of informal claims for refund. In D'Amelio v. U.S., 679 F.2d 313, 315 (3d Cir. 1982), the Third Circuit recognized the following:

> Although the Internal Revenue Service provides a specific form for claiming a refund, it has long been recognized that an informal claim for refund will suffice. See, e.g., Kuehn v. United States, 480 F.2d 1319 (Ct.Cl.1973). There is, however, a minimum amount of

17

communication which must take place. The minimum notice
required was tersely described by the Court of Claims in Barenfeld
v. United States, 442 F.2d 371, 374 (Ct. Cl.1971):

> It is not necessary that a claim for refund or credit
> be submitted to the Internal Revenue Service in any
> particular form. If a taxpayer submits to the Internal
> Revenue Service some sort of written instrument
> which informs the administrative agency that the
> taxpayer believes that he has been subjected to an
> erroneous or illegal tax exaction, and that he desires
> a refund or credit because of such action, this is
> sufficient.

D'Amelio, 679 F.2d at 315 (quoting Barenfeld v. U.S., 442 F.2d 371, 374 (Ct. Cl.1971)).  In

D'Amelio, the Third Circuit held that a taxpayer's letters to the IRS simply requested

information to determine whether an overassessment had been made, but did not advise the IRS

of the taxpayer's intent to assert a refund and the basis for the claim for refund.  Rather, the

letters requested an accounting so the estate could determine if a refund claim was warranted.

Therefore, there was no informal claim in that matter.

The Kales analysis applies with equal force to this case.  In this case, the June 12, 2002

letter clearly advised the IRS that, in addition to the attorneys' fees, expenses and commissions

incurred by the Estate up to the date of that letter, the Estate maintained a right to assert

additional attorneys' fees, commissions and expenses with respect to the refund action.

Specifically, the letter referenced the appraisal of the class action settlement, which was the item

in dispute between the Estate and Government, and that the Estate would be incurring the cost of

the appraisal in order to challenge the deficiency and seek a refund.  The Estate duly apprised the

Government of its intention to seek a refund for additional expenses that would be reflected on

its refund claim and filed after the Estate secured an appraisal of the value of the class action

lawsuit at issue. In fact, the Defendant permitted Plaintiff to assert a reduction in the assessment

based on the attorneys' fees, commissions, costs and expenses incurred during the examination

process. Therefore, Defendant clearly knew the basis for the refund claim asserted in the June

12, 2002, letter and the fact that Plaintiff would seek, as it had already done, to obtain an

additional deduction for further attorneys' fees, expenses, costs and administrative commissions

in connection with prosecuting its claim for refund against Defendant.

The Estate's June 12, 2002 letter to the IRS explained:

> The Attorney Fees and Executrix's Commissions shown on your
> report of Estate Tax Examination Changes reflect those incurred by
> the Estate to date, but will increase in the future when the Estate
> secures an appraisal of the class action settlement received by the
> Estate from the Delaware Solid Waste Authority. The Estate will
> take such additional fees and commissions when it files a claim for
> the refund after it secures such appraisal.

(Letter dated June 12, 2002, attached at Exhibit "A"). Notwithstanding Plaintiff's filing Form

843 refund claim on August 2, 2004, Plaintiff served the Government with the letter

accompanying Form 890 within the three year period from the date Plaintiff filed its Estate Tax

Return. Therefore, Plaintiff tolled the three-year period under Section 6511(b)(2)(A) and is

permitted to claim a refund amount up to the tax paid with the Form 706, in this case $453,289.

The combination of factors here warrant a denial of the Motion for Summary Judgment.

First and foremost, as previously explained, Treasury Regulation § 20.2053-3(c)(2) specifically

allows the Estate to deduct attorneys' fees and expenses incurred in prosecuting a claim for a

refund. Moreover, prior to the expiration of the three-year period following the filing of the

return, the Estate duly notified the IRS of its intention to claim additional administrative fees,

19

attorneys' fees and expenses associated with prosecuting its claim for a refund. The June 12, 2002 letter, following the series of exchanges between the Government and the Estate with respect to adjustments based on the value of the class action settlement, identified that the Estate intended to file a refund for the attorneys' fees, administrative expenses and other expenses incurred in connection with seeking a refund and challenging the Government's deficiency assessment.

Therefore, not only did the Estate file a timely claim for refund in accordance with Section 6511(a), the Estate also advised the Government, within the time specified by Section 6511(b)(2)(A), of its refund claim and intent to seek, in addition to the assessed amount, an additional adjustment and reduction of the Estate tax based on increasing administrative expenses, attorneys' fees and other expenses associated with challenging the Government's assertion of the deficiency and filing the refund claim. Accordingly, the Estate's recovery should not be limited to the amount of tax paid two years prior to date of the refund claim.

> **C.    Judicial Economy Favors Denial of Summary Judgment
> Because the Matter at Issue Will Be Moot Should
> Plaintiff Fail to Prevail on the Substantive Valuation
> Issue.**

The issue on which Defendant now seeks summary judgment may become moot, depending on the outcome of the trial on the merits as to the date of death valuation of the class action settlement, and, accordingly, the Court should deny summary judgment until such issue arises. It is undisputed that Plaintiff has paid a total of $ 95,701.78 within the two-year period preceding its August 2, 2004 filing of Form 843 Claim for Refund, and it is Defendant's position in the instant Motion that if Plaintiff prevails completely on the merits (i.e., the Court agrees that

the date of death value of Plaintiff's share of the Unknown Claim is $1), Plaintiff's recovery should be limited to $ 95,701.78 plus interest.

If Plaintiff does not prevail, the estate would still be permitted to deduct its legal fees and other litigation expenses attributable to challenging the assessed deficiency. In that event, however, the $95,701.78 would likely cover whatever refund would be due for such deductions. In other words, the Court would never have to decide the issue now before it because Plaintiff's additional administrative expenses would have to exceed some $200,000 before the allowable deduction for administrative expenses would exceed $95,701. As long as any deduction for administrative expenses fell below $95,701, this issue would be moot. See, e.g., Bank of Clearwater v. U.S., 7 Cl. Ct. 289 (Ct. Cl. 1985)(United States Court of Claims denied a motion for summary judgment by the United States under Section 6511(b)(2)(B) based on the potential that the motion could be moot depending upon the resolution of the merits of the refund claim). Accordingly in the interest of judicial economy, summary judgment should be denied until such time as Plaintiff's prevail on the underlying matter and the final amount of deductible administrative expenses is determined.

V.    **CONCLUSION**

For the foregoing reasons, Plaintiff Estate of Barbara A. Bandurski, respectfully requests this Honorable Court to deny the Motion for Summary Judgment of the Defendant, United States, with prejudice.

**GOLLATZ, GRIFFIN & EWING, P.C.**


  /s/ Sheriden T. Black (#4382)
Sheriden T. Black (#4382)
1700 West 14th Street
Wilmington, DE 19806
(302) 655-8181

*Attorneys for Plaintiff, Estate of Barbara A.
Bandurski*

22