| Exhibit E | | |
|---|---|---|
| Walter S Bandurski, Inc. ID# 51-0107019 | | Year 1997 |
| Statement of Liabilities Assumed Pursuant to tax free reorganization under Sec 368(a)(1)(C) | | |
| Lease Obligations | | |
| | Orix-Truck #89 | 68,103 |
| | Orix-Truck #90 | 96,895 |
| | Orix -Truck #91 | 94,803 |
| | Volvo -Truck #92 | 57,144 |
| | Volvo -Truck #93 | 122,283 |
| | Assoc- Truck #86 | 69,423 |
| | Assoc- Truck #84 | 53,280 |
| | | 561,931 |
| Advance fees for trash service | | 62,000 |
| | Total | 623,931 |


EXHIBIT
PLAINTIFFS
7

# WSB, Inc. Final Reconciliation

## Asset Accounting

| | | | |
|---|---:|---|---|
| Assets @ 7/31/97 | 945,755 | | |
| Debts @ 7/31/97 | (485,458) | | |
| Receipts over expenses since 7/31/97 | 58,715 | | |
| Amount available for distribution | 519,012 | | |
| | | | |
| Distributions since 7/31/97 | 370,959 | | |
| Distribution today | 148,053 | | |

## Stockholder Distributions

| | Total | 40.00% Walter | 40.00% Barbara | 20.00% Michael |
|---|---:|---:|---:|---:|
| Cash 1997 | 217,500 | 87,000 | 87,000 | 43,500 |
| Cash 1998 | 62,500 | 25,000 | 25,000 | 12,500 |
| Checking a/c | 5,690 | 5,690 | | |
| Ford truck | 4,688 | 4,688 | | |
| Mercury | 11,758 | 11,758 | | |
| Cadillac | 12,423 | | 12,423 | |
| Dodge truck | 4,500 | 4,500 | | |
| Furniture | 1,900 | 1,200 | | 700 |
| Leasehold improvements | 20,000 | | | 20,000 |
| Sue Brooks gift | 30,000 | 10,000 | 10,000 | 10,000 |
| | 370,959 | 149,836 | 134,423 | 86,700 |
| | | | | |
| Distributed | 370,959 | | | |
| Cash on hand | 148,053 | | | |
| Allocation | 519,012 | 207,605 | 207,605 | 103,802 |
| Prior | 370,959 | 149,836 | 134,423 | 86,700 |
| Balance due | 148,053 | 57,769 | 73,182 | 17,102 |



EXHIBIT
PLAINTIFFS
8

# Delaware

PAGE    1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF DISSOLUTION OF "WSB LIQUIDATING
CORPORATION", FILED IN THIS OFFICE ON THE THIRTIETH DAY OF JUNE,
A.D. 1998, AT 9 O'CLOCK A.M.



EXHIBIT
PLAINTIFFS
9



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

0669102    8100

060477658

AUTHENTICATION: 4798278

DATE: 06-05-06

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 06/30/1998
981256559 - 0669102

# STATE OF DELAWARE
## CERTIFICATE OF DISSOLUTION
## BY WRITTEN CONSENT OF ALL
## STOCKHOLDERS ENTITLED TO VOTE

__WSB LIQUIDATING CORPORATION_____, a
corporation organized and existing under the General Corporation Law of the
State of Delaware.

**DOES HEREBY CERTIFY AS FOLLOWS:**

The dissolution of said ____WSB LIQUIDATING CORPORATION_____

has been duly authorized by all the stockholders of the Corporation entitled to
vote on a dissolution in accordance with subsection (c) of Section 275 of the
General Corporation Law of the State of Delaware.

The date the dissolution was authorized is ___7/31/97_____

The following is a list of the names and addresses of the directors of the said
corporation:

| NAME | ADDRESS |
|------|---------|
| Walter S. Bandurski, Sr. | 25 Commerce Street |
|  | Wilmington, De. 19809 |
|  |  |
|  |  |

The following is a list of the names and addresses of the officers of the said
corporation:

| NAME | OFFICE | ADDRESS |
|------|--------|---------|
| Walter S. Bandurski, Sr. | President | 25 Commerce Street |
|  |  | Wilmington, De. 19809 |
|  |  |  |
|  |  |  |

By: _Walter C Bandurski_____
Authorized Officer

Name: __Walter S. Bandurski, Sr._____
Print or Type

Title: ___President_____

## BANDURSKI TIME LINE

| DATE: | EVENT: |
|-------|--------|
| July, 1997 | Sale of Walter Bandurski, Inc. (WBI) to Waste Management, Inc. in tax free reorganization. |
| May, 1998 | Lawsuit initiated by Sylvester Jennifer against Delaware Solid Waste Authority (DSWA). |
| 6/30/98 | WBI filed a Certificate of Dissolution with the Delaware Secretary of State in accordance with the reorganization plan. |
| 8/7/98 | Death of Barbara Bandurski. |
| 8/26/98 | Death of Walter Bandurski. |
| 9/14/98 | Final corporate tax return of WBI filed for year ended 12/31/97 |
| 10/2/98 | Lawsuit entitled National Solid Waste Management Association, et.al. v. Delaware Solid Waste Authority, C.A. 98-565 initiated, including a claim on behalf of WBI. |
| 11/99 | Estate tax returns filed for each estate. |
| Early 2000 | First knowledge of lawsuit when executrix of Walter Estate received an incentive payment in connection with lawsuit. |
| June, 2000 | Settlement of lawsuit consummated and payment on behalf of WBI in amount of $90,000.00 made.   Forty percent ($360,000.00) payable to each estate representing the 40% interests which Barbara and Walter had owned in WBI. |
| 9/21/2000 | IRS opening letter sent on Barbara Estate. |
| 12/13/2000 | Opening letter sent on Walter Estate. |


EXHIBIT
PAINTERS
10



**United States**    **of America**

**Department of the Treasury**
**Internal Revenue Service**

Date:    JUN 0 3 2005

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed:  is a BMF MCC Transcript-BMF Literal, captioned Barbara A. Bandurski Estate, Cheryl A. Murphy, 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V, c/o Cheryl A. Murphy, 607 Taylor Ave., Linwood, PA 19061-4051-076, consisting of  2  pages

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By the direction of the Secretary of the Treasury:

R.L. Commerson
Disclosure Officer

Catalog Number 19002E          *U.S. GPO: 1997-417-690/61741          Form **2866** (Rev. 09-97)



```
000985

PAGE NO-0001

                    *BMF MCC TRANSCRIPT-BMF LITERAL*        EMP NO 69-411-53782
                                                                AAC DSMITH
  ACCOUNT NO 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V              06-02-2005
  NAME CONT- BAND                      CYCLE-200522
*****************************************************************************
FOR-6941153782 BY-6941153782 ON-06022005 TYP-X-52
TIME-14:17 SRC-I   AAC DSMITH              PROCESSED ON-153
                                           REQUESTED TAX MODULE FOUND ON MF
```

```
PAGE NO-0001                                    IRS EMPLOYEE 6941153782

DATE REQUESTED 06-02-2005                       PRINT DATE 06-02-2005

FORM NUMBER: 706                                TAX PERIOD:      0000

              TAXPAYER IDENTIFICATION NUMBER: 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V

      BARBARA A BANDURSKI ESTATE
      CHERYL A MURPHY
      % CHERYL A MURPHY
      607 TAYLOR AVE
      LINWOOD              PA 19061-4051-076        BODC-SB BODCLC-V

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

      ACCOUNT BALANCE:          0.00
      ACCRUED INTEREST:         0.00   AS OF 10-04-2004
      ACCRUED PENALTY:          0.00   AS OF 10-04-2004

      ACCOUNT BALANCE
        PLUS ACCRUALS:          0.00


   TAX PER TAXPAYER:        453,289.00

11-08-1999 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
12-20-1999 PROCESSING DATE
                              TRANSACTIONS
                                                     MONEY AMOUNT
CODE              EXPLANATION               DATE     (IF APPLICABLE)
 150 RETURN FILED AND TAX ASSESSED       12-20-1999     453,289.00
     28506-324-01000-9
 670 SUBSEQUENT PAYMENT                   05-07-1999     590,000.00-
 460 EXTENSION OF TIME TO FILE            06-08-1999
     EXT. DATE  11-07-1999
 960 RECEIVED POA/TIA                     11-08-1999
 846 REFUND                               12-20-1999     136,711.00
 300 ADDITIONAL TAX ASSESSED BY EXAMINATION 07-15-2002    78,389.51
     17547-578-00108-2   200227
 336 INTEREST ASSESSED                    07-15-2002     17,312.27
     200227
 670 SUBSEQUENT PAYMENT                   08-05-2002     95,701.78-
 290 CLAIM DISALLOWED                     10-04-2004          0.00
     17554-660-98000-4
```



# United States    of America

### Department of the Treasury
### Internal Revenue Service

Date:**October 26, 2005**

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: **Form 4340 Certificate of Assessments, and Payments, consisting of 3 page(s), of taxpayer(s) named herein in respect to the taxes specified, is a true and complete transcript for the period(s) stated, and all assessments, credits, and refunds relating thereto as disclosed by the records of this office as of the date of this certification are shown therein. Estate of Walter S. Bandurski DECD, 2630 Marsh Road, Wilmington, DE 19810, for Date of Death, August 26, 1998 Form 706.**

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

PAUL L. CZARNECKI
ACCOUNTING CONTROL/SERVICES OPERATION
MANAGER
PHILADELPHIA SUBMISSION PROCESSING CENTER

DEFENDANT'S
EXHIBIT
102

Catalog Number 19002E

Form **2866** (Rev. 09-1997)

```
-----------------------------------------------------------------------------------
          CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------------------

    ESTATE OF WALTER S BANDURSKI,DECD      2630 MARSH ROAD          EIN/SSN: 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V
                                           WILMINGTON,DE 19810


    U.S. ESTATE TAX RETURN
    FORM: 706                  TAX PERIOD:
```

| DATE | EXPLANATION OF TRANSACTIONS | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|------------------------------|-------------------------------------|----------------------------|---------------------------------|
| 11/26/1999 | RETURN FILED AND TAX ASSESSED 28506-008-00600-0      200007 | 695,233.58 | | 02/28/2000 |
| 05/24/1999 | SUBSEQUENT PAYMENT | | 849,400.00 | |
| 06/30/1999 | EXTENSION OF TIME TO FILE 11/26/1999 | | | |
| 01/31/2000 | INTEREST DUE TAXPAYER | | 8,714.79 | |
| 01/31/2000 | REFUND | | (162,881.21) | |
| 11/26/1999 | RECEIVED POA/TIA | | | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION 17547-579-00107-2 | .00 | | 07/22/2002 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION 28551-196-13000-2      200232 | 144,454.43 | | 07/15/2002 |
| 07/15/2002 | INTEREST CORRECTION | | (8,165.79) | |
| | INTEREST ASSESSED                    200232 | 21,402.96 | | 07/15/2002 |
| 07/09/2002 | SUBSEQUENT PAYMENT | | 144,454.43 | |
| 11/10/2003 | MODULE IN FEDERAL PAYMENT LEVY PROGRAM | | | |

```
-------------------------------------------------------------------------------
          CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------------


   ESTATE OF WALTER S BANDURSKI,DECD        2630 MARSH ROAD           EIN/SSN: 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V
                                           WILMINGTON,DE 19810


   U.S. ESTATE TAX RETURN
   FORM: 706                   TAX PERIOD:

                                              ASSESSMENT,        PAYMENT,     ASSESSMENT
DATE          EXPLANATION OF TRANSACTIONS     OTHER DEBITS       CREDIT       DATE (23C,
                                               (REVERSAL)       (REVERSAL)    RAC 006 )
===============================================================================================
10/14/2005  LEGAL SUIT PENDING

07/15/2002  STATUTORY NOTICE OF BALANCE DUE

09/23/2002  STATUTORY NOTICE OF INTENT TO LEVY


            ASSESSED ITEMS BALANCE DUE                          29,568.75
-------------------------------------------------------------------------------
```

```
------------------------------------------------------------------------
        CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

   ESTATE OF WALTER S BANDURSKI,DECD        2630 MARSH ROAD          EIN/SSN: 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V
                                            WILMINGTON,DE 19810


      U.S. ESTATE TAX RETURN
      FORM: 706                     TAX PERIOD:
------------------------------------------------------------------------
```

I certify that the foregoing transcript of the taxpayer named above in respect to the taxes
specified is a true and complete transcript for the period stated, and all assessments,
abatements, credits, refunds, and advance or unidentified payments, and the assessed balance
relating thereto, as disclosed by the records of this office as of the date of this
certification, are shown therein. I further certify that the other specified matters set forth
in this transcript appear in the official records of the Internal Revenue Service.
```
------------------------------------------------------------------------
```

Signature of Certifying Officer: _____

Print Name: Paul L. Czarneski

Title: Accounting Control/Services Operation Manager

Delegation Order: 11


Location:  Internal Revenue Service
           Philadelphia, PA              Account Status Date: 10/26/2005
```
------------------------------------------------------------------------
```

EXHIBIT D
LIST OF WITNESSES

PLAINTIFFS' WITNESSES:

1.    James P. DallePazze, Esq.
      Herdeg DuPont & DallePazze, LLP
      1201 Orange Street, Suite 500
      Wilmington, DE  19801-1140
      (Will be called)

2.    Michael Bandurski
      578 Smyrna Landing Road
      Smyrna, DE
      (May be called)

3.    F. Michael Parkowski, Esq.
      Parkowski, Guerke & Swayze, P.A.
      116 West Water Street
      P.O. Box 598
      Dover, DE  19903-0598
      (Will be called)

4.    Frederic Etskovitz, CPA
      607 Fulton Street
      Philadelphia, PA  19147
      (Will be called)

Defendant objects to the testimony of Mr. Etskovitz.  Plaintiffs have provided two experts to
testify to the same subject: the value of a litigation claim as of August 1998. Defendant further
objects because, while Mr. Etskovitz, is a C.P.A., he does not have specialized knowledge or
training which could assist the trier of fact.  Further, his testimony is not based upon sufficient
facts, is not the product of reliable principles and methods, and is not the result of those
principles and methods applied to this case.

5.    Michael P. Kelly, Esq.
      McCarter & English, LLP
      919 North Market Street, Suite 1800
      P.O. Box 111
      Wilmington, DE  19899
      (Will be called)

Defendant objects to the testimony of Mr. Kelly.   Plaintiffs have provided two experts to testify
to the same subject: the value of a litigation claim as of August 1998. Defendant further objects
because, while Mr. Kelly is an attorney, he does not have specialized knowledge or training

which could assist the trier of fact. Further, his testimony is not based upon sufficient facts, is not the product of reliable principles and methods, and is not the result of those principles and methods applied to this case. In addition, Mr. Kelly's report is a verbatim recitation of facts and opinions offered by plaintiffs' counsel in this case.

6.   Beverly J. Wik, Esq.
     Old Capital Law Firm
     222 Delaware Street, The Green
     P.O. Box 470
     New Castle, DE  19720
     (May be called)

7.   Cheryl A. Murphy
     5768 North DuPont Parkway
     Smyrna, DE  19711

8.   Susanna Brooks
     2630 Marsh Road
     Wilmington, DE  19810
     (May be called)

9.   Mertie Mills, Esq.
     Internal Revenue Service
     407 Silverside Road
     Wilmington, DE  19801
     (Will be called)


## DEFENDANT'S WITNESSES:

Defendant may call:

1.   Theodore J. Macierowski
     Engineering & Valuation Field Specialist
     Internal Revenue Service
     LM:FS:ENG:1879
     936 Silas Deane Highway, 2d Floor
     Wethersfield, CT  06109

Plaintiffs object to any expert opinions being offered by Mr. Macierowski. Defendant did not provide opinions of Mr. Macierowski by the applicable deadline, December 7, 2006.

2.   James P. DallePazze, Esq.
     Herdeg DuPont & DallePazze, LLP
     1201 Orange Street, Suite 500
     Wilmington, DE  19801-1140

3.     Michael Bandurski
        578 Smyrna Landing Road
        Smyrna, DE

4.     Beverly J. Wik, Esq.
        Old Capital Law Firm
        222 Delaware Street, The Green
        P.O. Box 470
        New Castle, DE  19720

5.     Cheryl A. Murphy
        5768 North DuPont Parkway
        Smyrna, DE  19711

6.     Susanna Brooks
        2630 Marsh Road
        Wilmington, DE  19810

EXHIBIT E
STATEMENT OF QUALIFICATIONS OF EXPERT WITNESSES

PLAINTIFFS' EXPERTS:

1.     Michael P. Kelly, Esq.:     Mr. Kelly is an attorney specializing in the handling of complex environmental claims, such as the underlying lawsuit against the Delaware Solid Waste Authority.  His resume is marked PX1 for identification.  Mr. Kelly has been involved in numerous litigations which have involved giving advice to clients as to the value of legal claims and potential legal claims and the settlement of such claims and has reviewed the documentation in connection with the underlying litigation and this litigation to explain why the unknown claims had no significant fair market value as of the dates of death of the decedents.  Mr. Kelly's report, dated November 7, 2006, has been produced.

DEFENDANT'S OBJECTION:

Defendant objects to this statement of qualifications because it does not set forth Mr. Kelly's qualifications.  Rather, it purports to explain what Mr. Kelly did in connection with this case and sets forth his conclusions.  Defendant further objects to inclusion of copies of Mr. Kelly's resume and report, as both are hearsay.

2.     Frederic Etskovitz, C.P.A.:   Mr. Etskovitz is Chief Financial Officer and Treasurer of Astea International Inc., publicly traded international software company, where he manages all accounting and financial operations.  He is a certified public accountant and former shareholder of the accounting firm, Shechtman, Marks, Devor & Etskovitz, P.C. in Philadelphia, Pennsylvania, where he compiled, reviewed and audited financial statements for closely held and not-for-profit corporations.  In addition, he consulted with public companies on compliance with Sarbanes-Oxley Act requirements.  He specialized in the valuation of closely held businesses for

the purposes of buy/sell agreements and estate planning. He also performed forensic accounting in connection with numerous litigation matters requiring valuations of losses and economic analysis of transactions. Mr. Etskovitz reviewed documentation in connection with the underlying litigation and this litigation to explain why the unknown litigation claims had no significant or material fair market value as of the dates of death of the decedents and why the fair market value of a former interest in 40% of the common stock of Walter S. Bandurski, Inc. on the decedents' dates of death was *de minimis*. His resume is marked as Plaintiffs' Exhibit 2 for identification. His report, dated November 2, 2006, has been produced.

DEFENDANT'S OBJECTION:    Defendant objects to this statement of qualifications to the extent it sets forth what Mr. Etskovitz did in connection with this case and sets forth his conclusions. Defendant further objects to inclusion of a copy of Mr. Etskovitz's report, as it is hearsay.

DEFENDANT'S EXPERT:

3.    Theodore J. Macierowski:    For 14 of the last 20 years, Mr. Macierowski has been employed by the Internal Revenue Service as a Engineer Revenue Agent and Valuation Specialist, where his duties have included appraising assets and preparing valuation reports. (The other six years were spent as District Business Development Manager for American Appraisal Associates and Century Business Valuation in Connecticut.) Mr. Macierowski received his undergraduate degree from the University of Connecticut, where he had a double major in Mechanical Engineering and Materials Engineering. He then received an M.B.A., also from the University of Connecticut, and a law degree from the Quinnipiac School of Law in Hamden, Connecticut. He is an Accredited Valuation Analyst by the National Association of Certified Valuation Analysts, has trained other revenue agents in appraisal principles, and serves

on the Internal Revenue Service's National Engineering Valuation Oversight and Training Committee.

<u>PLAINTIFFS' OBJECTION:</u>    Plaintiffs have objected to testimony by Mr. Macierowski on the grounds of untimely identification.

EXHIBIT F
LIST OF DEPOSITIONS

None presently known; the parties reserve the right to use discovery depositions for purposes of impeachment under F.R.C.P. 32 (a)(1) or to use the deposition of Mertie Mills, Esq. in her role as a managing agent of the defendant under F.R.C.P. Rule 32 (a)(2).

DEFENDANT'S OBJECTION:  As a suit for refund, this is a *de novo* proceeding, and the administrative procedure and evidence used in making the assessment is irrelevant.  R.E. Deitz Corp. v. United States, 939 F.2d 1, 4 (2d Cir. 1991); Carione v. United States, 368 F. Supp.2d 186, 191-2 (E.D.N.Y. 2005); Katz v. United States, 1992 Westlaw 103006 (E.D. Pa. May 6, 1992).

Defendant further objects because there has been no showing that use of the deposition is permissible under Fed. R. Civ. P. 32(a)(3).

EXHIBIT G
LIST OF SPECIAL DAMAGES

The parties agree that for purposes of simplification and jury comprehension the jury will not be asked to award a specific amount of damages but rather determine the fair market value, if any, of the litigation to the decedents' estates at the times of their deaths.  The parties agree that when that factual determination has been made, the parties can compute the applicable recovery based on the fair market value plus deductions for administrative expenses and interest subsequent to the verdict.

EXHIBIT H

WAIVERS OF ANY CLAIMS OR DEFENSES
THAT HAVE BEEN ABANDONED BY ANY PARTY:

None.