**PROPOSED JURY INSTRUCTIONS**

**NATURE OF CASE**

This is a civil action brought by the Estate of Barbara Bandurski and Walter Bandurski. Mr. and Mrs. Bandurski died in August, 1998.   Several years after their deaths, their estates received payments as a result of a lawsuit.   The estates reported the receipt of this money to the government, the defendant in this case, acting through the Internal Revenue Service.

The Internal Revenue Service assessed federal estate tax on the full value of the money received.   The estates disputed the Internal Revenue Services termination as to that valuation but paid the tax and then filed these actions, as they were entitled to do, seeking a refund.   The estates contend that the subsequently received asset has negligible to no value for estate tax purposes.   Later in these instructions, I will explain to you the basis upon which assets are valued for estate tax purposes.   Stated simply, the factual dispute which you are asked to resolve is the value for federal estate tax purposes of the subsequently received asset.

The plaintiffs in this case are the estates of Mr. and Mrs. Bandurski.   They are represented in court by their legal representatives, appointed under the terms of their Last Will and Testament.   Cheryl Murphy is the legal representative of the estate of Mrs. Bandurski and Susanna Brooks is the legal representative of the estate of Walter Bandurski.

The defendant is the United States.   The government agency involved in this matter is the Internal Revenue Service.

3.  GENERAL INSTRUCTIONS

- Province of the Court and Jury [revised 12/2/98]..............................................................' 3.2

## PROVINCE OF THE COURT AND JURY

Now that you have heard the evidence and [are about to hear] the arguments of counsel, it is my duty to instruct you about the law governing this case.  Although you as jurors are the sole judges of the facts, you must follow the law stated in my instructions and apply the law to the facts as you find them from the evidence.  You must not single out one instruction alone as stating the law, but must consider the instructions as a whole.

Nor are you to be concerned with the wisdom of any legal rule that I give you. Regardless of any opinion you may have about what the law ought to be, it would be a violation of your sworn duty to base a verdict on any view of the law other than what I give you in these instructions.  It would also be a violation of your sworn duty, as judges of the facts, to base a verdict on anything but the evidence in the case.

Justice through trial by jury always depends on the willingness of each juror to do two things:  first, to seek the truth about the facts from the same evidence presented to all the jurors; and, second, to arrive at a verdict by applying the same rules of law as explained by the judge. You should consider only the evidence in the case.  Evidence includes the witnesses' sworn testimony and the items admitted into evidence.  You are allowed to draw reasonable conclusions from the testimony and exhibits, if you think those conclusions are justified. In other words, use your common sense to reach conclusions based on the evidence.

You have been chosen and sworn as jurors in this case to decide issues of fact.  You must perform these duties without bias for or against any of the parties.  The law does not allow you to be influenced by sympathy, prejudice, or public opinion.  All the parties and the public expect

that you will carefully and impartially consider all the evidence in the case, follow the law, and reach a just verdict, regardless of the consequences.

## VALUATION OF ASSET FOR ESTATE TAX PURPOSES

The value of an asset at the time of its receipt by an estate does not necessarily determine the value that must be utilized for federal estate tax purposes. There are several provisions of the tax laws that must be taken into account in arriving at a determination of valuation for estate tax purposes. The first is §20.31 of the Internal Revenue Code (26 USC §20.31) which states that "the value of the gross estate of the decedent shall be determined by including to the extent provided for in this part, the value at the time of his death of all property, real or personal, tangible or intangible, wherever situation."

The government has issued regulations in interpreting this statute which govern your determination of the value of the asset at issue in this case. Treasury regulation §20.2031-1(b) is entitled "Valuation in Property in General" and reads in pertinent part as follows:

> The value of every item of property includable in a decedent's gross estate under §20.31 through §20.44 is its fair market value at the time of the decedent's death.
> The fair market value is the price at which the property would change hands between a willing a buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts.

Therefore, the issue in this case which you must attempt to resolve is what a willing buyer would have paid Mr. and Mrs. Bandurski at the time of their deaths in August, 1998 for their interest in a lawsuit which subsequently did provide a recovery in the year 2000.

## FACTORS THAT MAY BE CONSIDERED IN DETERMINING VALUE

The law is clear that the valuation of the asset at issue cannot be based upon post-death events. In other words, the receipt of a certain sum by the estates in the year 2000, does not establish the value, if any there was, of that asset in August, 1998 when the Bandurskis died. It is the difficult issue of attempting to determine whether the asset had any value as of August, 1998 that this trial is concerned with.

Factors that you may consider in determining whether the asset had value, and if so, how much are:

1.      Whether Mr. and Mrs. Bandurski knew at the time of their deaths that there was a lawsuit pending that might ultimately benefit them or their estates.

2.      Whether there actually was a lawsuit pending in August, 1998 which would have directly benefited the Bandurskis.

3.      The status of any litigation as of the time of the Bandurskis' death in August, 1998. In other words, how far had any litigation progressed and what likelihood was there of success as of the time of death so that any likelihood of recovery could be assessed.

4.      Whether the outcome of any pending litigation as of August 1998 was certain or uncertain.

5.      Whether the lawsuit which ultimately resulted in the receipt of the asset by the estates was initiated before or after the deaths of the Bandurskis.

## FORM OF DETERMINATION

The Internal Revenue Service valued the subsequently received asset at 100% of its value for estate tax purposes while the estates contend that the asset had an effective value of zero as of August, 1998 when the Bandurskis died.  In rendering a verdict with respect to this dispute, the Court will ask you simply to assign a percentage valuation based on your determination as to the actual fair market value as of August, 1998 of the inchoate legal claim which has been discussed in this trial.  If you agree with the plaintiffs' position that the asset had no material value as of that time, you would assign zero percent.  If you agree with the Internal Revenue Service's contention that the asset could have been sold to a willing buyer in August, 1998 for the full value ultimately realized in 2000, you would assign 100%.  If you are persuaded that there has been evidence of some other value, you should assign that percentage that you believe a willing buyer would have paid to the Bandurskis in August, 1998.  In other words, if you conclude that a willing buyer would have paid 80% of the ultimate value of the asset in August, 1998, your verdict should be 80% whereas if you find that a willing buyer would have only paid 20%, your verdict should be 20%.  I use those numbers only for illustrative purposes and not to suggest any result.

## BURDEN OF PROOF

In a civil case such as this one, the burden of proof is by a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely than not. It means that certain evidence when compared to the evidence opposed to it has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not depend on the number of witnesses. If the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point.

In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless I tell you otherwise, consider the testimony of all witnesses regardless of who called them, and all exhibits received into evidence regardless of who produced them.

In this case, the plaintiffs are disputing a determination made by the Internal Revenue Service. The plaintiffs – the Bandurski Estates – therefore, have the burden of going forward to present prima facie evidence to support a finding contrary. However, the Internal Revenue Code provides that if the estates introduce credible evidence on any factual issue relevant to ascertaining the value of the asset at issue, the burden of proof is then shifted to the Internal Revenue Service (the defendant) on that issue. Internal Revenue Code §7491.

Stated in plain English, this means that the estates have the burden to go forward in this lawsuit and present evidence to you in support of their contention that the asset had no material value as of August, 1998. The estates have done so. If you find that evidence to be credible, then the burden of proof shifts to the government to refute that by credible evidence. If you find that the government has failed to do that, then you must find for the plaintiffs.

3. GENERAL INSTRUCTIONS

- Statements of Counsel [revised 1212/98] ........................................................................' 3.3

## STATEMENTS OF COUNSEL

What the attorneys say is not evidence. Instead, whatever they say is intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

23. EVIDENCE AND GUIDES FOR ITS CONSIDERATIONS

- Prior Sworn Statements ............................................................................................ '23.2

## **PRIOR SWORN STATEMENTS**

If you find that a witness made an earlier sworn statement that conflicts with witness's trial testimony, you may consider that contradiction in deciding how much of the trial testimony, if any, to believe.  You may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation made sense to you.

Your duty is to decide, based on all the evidence and your own good judgment, whether the earlier statement was inconsistent; and if so, how much weight to give to the inconsistent statement in deciding whether to believe the earlier statement or the witness's trial testimony.

23. EVIDENCE AND GUIDES FOR ITS CONSIDERATIONS

- Prior Inconsistent Statement ......................................................................................... '23.3

## PRIOR INCONSISTENT STATEMENT BY WITNESS

A witness may be discredited by evidence contradicting what that witness said, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

It's up to you to determine whether a witness has been discredited, and if so, to give the testimony of that witness whatever weight that you think it deserves.

## NEED FOR EXPERT TESTIMONY

I instruct you that the valuation of an inchoate (that is unrealized) asset such as a potential lawsuit recovery is not a matter of common understanding and, therefore, you must rely on the expert testimony that you find to be most credible in reaching a determination as to the value.

23.  EVIDENCE AND GUIDES FOR ITS CONSIDERATIONS

- Expert Testimony [revised 12/2/98] ..........................................................................'23.10

## **EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

23. EVIDENCE AND GUIDES FOR ITS CONSIDERATIONS

- Credibility of Witnesses - Conflicting Testimony...........................................§ 23.9

## CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness's credibility. That includes the parties. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you may try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

23. EVIDENCE AND GUIDES FOR ITS CONSIDERATIONS

- Court's Rulings on Evidence.......................................................................................... '23.4

## <u>OBJECTIONS - RULINGS ON EVIDENCE</u>

Lawyers have a duty to object to evidence that they believe has not been properly offered. You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent. If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be. If I have overruled an objection, you are free to consider the evidence that has been offered.

24. CONCLUDING INSTRUCTIONS

- Instructions to Be Considered As a Whole.................................................§24.3

## INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

I have read a number of instructions to you.  The fact that some particular point may be covered in the instructions more than some other point should not be regarded as meaning that I intended to emphasize that point.  You should consider all the instructions.

24. CONCLUDING INSTRUCTIONS

- Court Impartiality...................................................................................§24.4

## COURT IMPARTIALITY

Nothing I have said since the trial began should be taken as an opinion about the outcome of the case. You should understand that no favoritism or partisan meaning was intended in any ruling I made during the trial or by these instructions. Further, you must not view these instructions as an opinion about the facts. You are the judges of the facts, not me.

24.  CONCLUDING INSTRUCTIONS

- Jury Deliberations.................................................................................................. '24.5

## <u>JURY DELIBERATIONS</u>

How you conduct your deliberations is up to you.  But I would like to suggest that you discuss the issues fully, with each of you having a fair opportunity to express your views, before committing to a particular position.  You have a duty to consult with one another with an open mind and to deliberate with a view to reaching a verdict.  Each of you should decide the case for yourself, but only after impartially considering the evidence with your fellow jurors.  You should not surrender your own opinion or defer to the opinions of your fellow jurors for the mere purpose of returning a verdict, but you should not hesitate to reexamine your own view and change your opinion if you are persuaded by another view.

Your verdict, whatever it is, must be unanimous.


[EXCUSE JURY ALTERNATES -- SWEAR BAILIFF]

OBJECTIONS TO PLAINTIFFS' PROPOSED INSTRUCTIONS:

Factors That May Be Considered in Determining Value:

The factors listed are not relevant as a matter of law. Even assuming neither decedent had knowledge of the suit at the time of their death, their share of the WBI claim should still have been included in each gross estate. See Estate of Baldwin v. C.I.R., 18 T.C.M. (CCH) 902 (1952) ("[a]n estate may possess many assets of which ... the deceased may be unaware [of at the time of death] ... [but] such property is [still] an asset of the estate [which has] value at the date of death"); see also United States v. Simmons, 346 F.2d 213, 217 (5th Cir. 1965) (holding that the ignorance of the existence of an asset, which is discovered after the date of death, does not justify excluding the asset from the decedent's gross estate.)

The estates also contend that the contingent nature of the claim gave it neglible value as of the dates of death. Contingency, however, is not a valid reason for exclusion of an asset from the gross estate. See 26 U.S.C. §§ 2032, 2033; see also Estate of Curry v. Commissioner, 74 T.C. 540 (1980); United States v. Simmons, 346 F.2d 213 (5th Cir. 1965); Bank of California v. Commissioner, 133 F.2d 428 (9th Cir. 1943); Duffield v. United States, 136 F. Supp. 944 (E.D. Pa. 1955). These cases hold that an asset, such as an unsettled claim, is an asset of the estate and is included in the gross estate at its estimated fair market value on the date of death. Therefore , the estimated value of the WBI claim is included in the estates.

Even though WBI apparently was not a party to the class action at the time they died, Walter and Barbara still had a property interest in the litigation when they died and the gross estate should include that interest. See Rubenstein v. United States, 826 F. Supp. 448, 455 (S.D. Fla. 1993) ("[m]erely because the ... litigation was not commenced until ... after the decedent's death does not prevent the claim from inclusion into the gross estate.") See also Estate of Houston v. Commissioner, 44 T.C.M. (CCH) 284 (1982)

Need for Expert Testimony:

There is no law supporting this instruction.

Form of Determination:

The jury should set a dollar figure on the value of the litigation claim, not a percentage.

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil
case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between
your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was

meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

(Uniform Jury Instructions, D. Del.)

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence.  The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

(Uniform Jury Instructions, D. Del.)

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it weigh that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

(Uniform Jury Instructions, D. Del.)

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light

of your everyday experience with people and events, and give it whatever weight you

believe it

deserves. If your experience tells you that certain evidence reasonably leads to a

conclusion, you

are free to reach that conclusion.


(Uniform Jury Instructions, D. Del.)

## STATEMENTS OF COUNSEL

A further word about statements and arguments of counsel. The attorney's statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent with the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the true or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

(Uniform Jury Instructions, D. Del.)

## CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each

witness' means of knowledge; strength of memory; opportunity to observe; how

reasonable or

unreasonable the testimony is; whether it is consistent or inconsistent; whether it has

been

contradicted; the witness' biases, prejudices, or interests; the witness' manner or

demeanor on the witness stand; and all circumstances that, according to the evidence,

could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if

reasonably possible, so as to make one harmonious story of it all. But if you can't do

this, then it

is your duty and privilege to believe the testimony that, in your judgment, is most

believable and

disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should

ask

yourself whether there is evidence tending to prove that the witness testified falsely

about some

important fact, or, whether there was evidence that at some other time the witness said

or did

something, or failed to say or do something that was different from the testimony he or

she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

(Uniform Jury Instructions, D. Del.)

## **EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge

in some science, profession, or business. This skill or knowledge is not common to the average

person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the

reasons for the expert's opinions, and the reliability of the information supporting the expert's

opinions, as well as the factors I have previously mentioned for weighing testimony of any other

witness. Expert testimony should receive whatever weight and credit you think

appropriate, given all the other evidence in the case.


(Uniform Jury Instructions, D. Del.)

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of

witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.

What is more important is how believable the witnesses were, and how much weight

you think their testimony deserves. Concentrate on that, not the numbers.

(Uniform Jury Instructions, D. Del.)

## BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case. Each plaintiff has the burden of providing its claims and damages by what is called a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely true than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiff has met his burden of proof on various issues.

(Uniform Jury Instructions, D. Del.)

## DELIBERATION AND VERDICT

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or forth the purpose of returning a verdict. Remember at all times that you are not partisans.

You are judges – judges of the facts, not me. Your sole interest is to seek the truth from the evidence in that case. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and

nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer.  The question will be given to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally sent to me through the foreperson, who by custom of this court is juror Number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in favor of either party. You must decide the case yourselves based on the evidence presented.


(Uniform Jury Instructions, D. Del.)

Defendant's proposed instruction:

## **NATURE OF THE CASE**

There are actually two cases here. One was filed by the Estate of Barbara A. Bandurski against the United States, the other by the Estate of Walter S. Bandurski against the United States. Because each case involves a similar issue, they were consolidated, which means they are being tried at the same time.

As you have heard, Barbara Bandurski died August 7, 1998; Walter Bandurski died three weeks later. In June 2000, each estate received money from the settlement of a pair of class action lawsuits.

The issue you are being asked to determine is what the litigation claim was worth to Barbara Bandurski at the time she died, and what the litigation claim was worth to Walter Bandurski when he died.

Defendant's proposed instruction

## VALUATION OF ASSETS FOR ESTATE TAX PURPOSES

For federal estate tax determinations, the value of a decedent's estate is determined by valuing property in the estate at the time of death.

The value is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts.

In determining the fair market value of the property, which, in this case, is the class action claims, you may consider events that occurred after each of the decedent's deaths if those events were reasonably foreseeable at the date of death.

A litigation claim, such as a class action claim, is an asset of the estate, even if the decedent was unaware of it at the time of his or her death, and even if the claim is not settled at the time of death.

26 U.S.C. §§ 2032, 2033

Estate of Baldwin v. C.I.R., 18 T.C.M. (CCH) 902 (1952);

United States v. Simmons, 346 F.2d 213, 217 (5th Cir. 1965)

Estate of Curry v. Commissioner, 74 T.C. 540 (1980)

United States v. Simmons, 346 F.2d 213 (5th Cir. 1965)

Bank of California v. Commissioner, 133 F.2d 428 (9th Cir. 1943)

Duffield v. United States, 136 F. Supp. 944 (E.D. Pa. 1955)

Rubenstein v. United States, 826 F. Supp. 448, 455 (S.D. Fla. 1993)

Estate of Houston v. Commissioner, 44 T.C.M. (CCH) 284 (1982)

First Nat. Bank of Kenosha v. U.S., 763 F.2d 891 (7th. Cir. 1985)

<u>Estate of Andrews v. U.S.</u>, 850 F.Supp. 1279, 1289 (E.D. Va. 1994)

Defendant's proposed instruction:

## BURDEN OF PROOF

In this case the burden of proof is on each of the plaintiffs. This means that each plaintiff must establish, by a preponderance of evidence, that the value of the litigation claim was $0.

To establish by a preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared to that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

The Court instructs you that each plaintiff has the burden of proving to you by a preponderance of the evidence what the value of the litigation claim was to each estate at the time of the decedent's death.

In a tax refund suit, such as this one, the assessment of the Commissioner is presumed to be correct.

Under the law, the assessment is entitled to a presumption of correctness.  This rule of law requires that you presume that the litigation claim was worth $318,773 to each estate at the time of each decedent's death.

Where the evidence is equally balanced and you are unable to determine in your minds which way the scale should tip, you must bring in a verdict for the United States on that issue against that party.


Sinder v. United States, 655 F.2d 729 (6th Cir. 1981).

Lesser v. United States, 368 F.2d 306, 310 (2d Cir. 1966).

Psaty v. United States, 442 F.2d 1154, 1160 (3d Cir. 1971).

Liddon v. United States, 448 F.2d 509, 514 (5th Cir. 1971),
    cert. denied, 406 U.S. 918 (1972)

Thomas v. United States, 56 Fed. Cl. 112 116-117 (Fed. Cl. 2003)

Cebollero v. Commissioner, 967 F.2d 986, 991 (4th Cir. 1992)

Higginbotham v. United States, 556 F.2d 1173, 1175 (4th Cir. 1977)

Southern Bancorporation, Inc. v. United States, 732 F.2d 374, 378 (4th Cir. 1984)

United States v. Janis, 428 U.S. 433, 440 (1976)

Compton v. United States, 334 F.2d 212, 216 (4th Cir. 1964).