IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF BARBARA A. BANDURSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 05-291 & 05-651 (GMS) |
| ) | (Consolidated) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION IN LIMINE RE PLAINTIFFS' EXPERT REPORTS & TESTIMONY**

Plaintiffs are offering the report and testimony of Fredric Etskovitz and Michael Kelly as experts to aid the finder of fact on the value of the class action claim underlying this suit for refund of Federal estate taxes.

Both Mr. Etskovitz and Mr. Kelly are offering opinions as to the value of the claim. Since these are consolidated cases, this seems to run counter to the Court's limit of one expert on each subject per party, particularly since each of the gentleman places the value of the class action claim at zero. Allowing both to testify would enable each plaintiff to have two people testifying as to the value of its claim.

Mr. Etskovitz is a certified public accountant, Mr. Kelly an attorney. Neither has any specialized training or experience in valuation issues in general, or in the valuation of litigation claims for tax purposes in particular. Neither opinion or report evinces the use of -- let alone identifies -- any reliable principles or methods used in reaching its conclusion. Although they are professionals, neither Mr. Etskovitz nor Mr. Kelly is any more qualified to value the claim at issue here than the finder of fact is.

Both Mr. Etskovitz and Mr. Kelly were provided with the mediation statement plaintiffs' counsel submitted to Magistrate Judge Thynge on August 23, 2006. (Role Decl. ¶ 3.) That report does not merely provide a factual background, but includes plaintiffs' conclusion that the value of the class action claim was *de minimis*. Mr. Etskovitz and Mr. Kelly's report follow plaintiffs' script. In fact, the recitation of facts and most of the conclusions of Mr. Kelly's report are taken verbatim from the mediation statement. (Compare Role Decl. Ex. A with Role Decl. Ex. C.) As such, Mr. Kelly is little more than a conduit for the opinions of plaintiffs' counsel. He is not an expert.

Both reports base their opinions in large measure on the issues of whether the decedents were aware of the class action litigation at the times of their death and the uncertain prospect of recovery in that litigation. As discussed in our trial brief, however, these issues are legally irrelevant. See Def. Trial Br. at 2-4. Further, Mr. Etskovitz relies on the assertion that the first class action suit, Jenifer v. Delaware Solid Waste Authority, Case No. 1:98-cv-00270 (MMS) (D. Del.) was "dropped." A review of the docket sheet shows this was not the case.

Neither Mr. Etskovitz nor Mr. Kelly bring anything to the table to assist the trier of fact in this valuation issue. They have no specialized expertise or experience, they utilized no particular principles or methods in reaching their conclusions, and their

reports merely funnel plaintiffs' arguments and assertions. They and their reports should be excluded.

DATED:	January 5, 2007.

                                            Respectfully submitted,

                                            COLM F. CONNOLLY
                                            United States Attorney

                                            /s/ Gerald A. Role
                                            GERALD A. ROLE
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Ben Franklin Station
                                            Washington, DC 20044
                                            (202) 307-0461
                                            e-mail: gerald.a.role@usdoj.gov

                                            *Attorneys for Defendant*