IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF BARBARA BANDURSKI, ) <br> AND ) <br> ESTATE OF WALTER BANDURSKI ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br>       Defendant. ) | Civil Action Nos.:  05-291 & 05-651 (GMS) <br> **CONSOLIDATED** |

## ORDER

1. The plaintiff, Estate of Barbara A. Bandurski ("Estate"), filed the above-captioned action on May 13, 2005, against the Defendant Internal Revenue Service, for the refund of Federal estate taxes. (D.I. 1, Compl.) Barbara Bandurski died on August 7, 1998. (D.I. 1, Compl. ¶ 8.) On May 6, 1999, her Estate filed an IRS Form 4768 (Application for Extension of Time to File a Return and/or Pay U.S. Estate Taxes), and made an estimated estate tax payment of $590,000. (D.I. 1, Compl. ¶ 9.) On November 8, 1999, the Estate filed an IRS Form 706 (United States Estate Tax Return), which showed a liability of $453,289. *Id.* At the time of this filing, the Estate requested a refund of the overpayment of estimated taxes. (D.I. 31 at 4.) The IRS refunded $136,711 to the Estate, on December 20, 1999. *Id.*

2. In September 2000, the IRS advised the Estate that it would be conducting an examination of the Estate's Tax Return. (D.I. 1, Compl. ¶ 27.) On July 15, 2002, the IRS assessed an additional estate tax of $78,389.51, and $17,312.27 in interest, against the Estate, as the result of the examination. (D.I. 27, Ex. 2, ¶ 5.) On August 2, 2002, the Estate paid the additional estate taxes in the amount of $95,701.78. (D.I. 31 at 5.) Prior to payment of the additional tax assessment, the Estate filed an IRS Form 890 (Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, Estate,

Gift and Generation-Skipping Transfer Tax). (D.I. 31 at 4.) The Estate enclosed with Form 890 a cover letter dated June 12, 2002, stating: "The Attorney Fees and Executrix's Commissions shown on your report of Estate Tax Examination Changes reflect those incurred by the Estate to Date, but will increase in the future when the Estate secures an appraisal of the class action settlement received by the Estate from the Delaware Solid Waste Authority. The Estate will take such additional fees and commissions when it files a claim for the refund after it secures such appraisal." (D.I. 31, Ex. A.) On August 2, 2004, the Estate filed an IRS Form 843 (Claim for Refund and Request for Abatement) seeking a refund of "at least $124,141.26." (D.I. 1, Ex. C., Att. 1.) The IRS denied the Estate's claim for a refund in a letter dated September 23, 2004. (D.I. 1, Ex. D.)

3. Section 6511 of the Internal Revenue Code ("IRC") provides that a claim for a refund must be filed three years from the time the return was filed, or two years after the tax was paid, whichever comes later. 26 U.S.C. § 6511. The United States Department of Treasury, however, has created an exception to § 6511 for attorneys' fees and administrative expenses incurred in contesting a deficiency assessment or prosecuting a claim for a refund. Treasury Regulation § 20.2053-3(c)(2) provides that a deduction for attorneys' fees incurred in contesting an asserted deficiency or in prosecuting a claim for a refund should be claimed at the time the deficiency is contested or the refund claim is prosecuted. The regulation provides that the deduction will be allowed even though the deduction was not claimed in the claim for a refund.

4. The IRS seeks partial summary judgment to limit the Estate's maximum, potential recovery in this matter to $95,701.18, consisting of only the additional tax and interest the Estate paid

to the IRS in August of 2002. The Estate has incurred, and is continuing to incur legal fees and other expenses in connection with prosecuting the claim for a refund.

5. Several courts have recognized the Treasury Department's promulgated exception to the time period for filing a refund under 26 U.S.C. § 6511. *See e.g., Bankers Trust Co. v. U.S.*, 438 F.2d 1046 (2d Cir. 1971) and *Estate of Kjorvestad v. U.S.*, A78-2077, 1981 WL 1804 (D.N.D. March 10, 1981). Treasury Regulation § 20.2053-3(c)(2) allows the recovery of additional amounts for the deduction of fees and expenses incurred in prosecuting a refund. This regulation precludes the limitation on the Estate's potential recovery that the IRS seeks. Further, the Estate's June 2002 letter to the IRS provided notice, within the time period proscribed in 26 U.S.C. § 6511, of the Estate's intent to recover current and future expenses related to the prosecution of the refund. *See U.S. v. Kales*, 314 U.S. 186, 194 (1941) ("This Court, applying the statute and regulations, has often held that a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period.").

IT IS HEREBY ORDERED that:

The defendant's motion for partial summary judgment (D.I. 27) is DENIED.

Date:  January 16, 2007                             /s/ Gregory M. Sleet
                                                    UNITED STATES DISTRICT JUDGE