IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF BARBARA A. BANDURSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-291 (GMS) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**STIPULATION AND STATEMENT OF POSITIONS**

Plaintiff Estate of Barbara A. Bandurski and Defendant United States of America, through counsel, stipulate as follows:

1. This is a suit for refund of Federal Estate taxes.

2. Barbara A. Bandurski died on August 7, 1998.

3. The underlying issue in this case is the value, as of the date of decedent's death, of a litigation claim against the Delaware Solid Waste Management Authority ("DSWMA") filed after decedent's death on behalf of a dissolved corporation in which decedent previously owned stock.

4. On May 6, 1999, Plaintiff filed an IRS Form 4768 (Application for Extension of Time to File a Return and/or Pay U.S. Estate Taxes) and made an estimated estate tax payment of $590,000.

5. On November 8, 1999, Plaintiff filed an IRS Form 706 (United States Estate Tax Return) which showed a liability of $453,289. The return did not list the litigation claim as an asset.

6. On December 20, 1999, the Internal Revenue Service ("IRS") issued a

refund of $136,711 to Plaintiff, which represented the difference between the $590,000 estimated tax payment, and the reported tax liability of $453,289.

7.      In June 2000, nearly two years after decedent's death, her estate (Plaintiff) received a check for $360,000. During her lifetime, decedent had been a 40% shareholder in a corporation, Walter Bandurksi Inc. ("WBI"), that was dissolved on July 7, 1997. Plaintiff learned that the $360,000 check represented a 40% share, based on decedent's former stock ownership in the dissolved WBI, of a class action lawsuit settlement. Unbeknowst to the decedent or Plaintiff, WBI had been named as a plaintiff in a class action lawsuit filed on October 2, 1998 against the DSWMA.

8.      Plaintiff disclosed the newly received asset to the IRS in September 2000.

9.      On July 15, 2002, the IRS assessed and invoiced Plaintiff for $78,390 of additional estate tax based on an audit examination. The examination concluded that the original estate tax return under reported the value of the estate by $194,582.

10.     The $194,582 consisted of $404,147 of unreported assets, and $209,565 of unclaimed deductions. Included in the $404,147 of unreported assets was $315,617, which represented the $360,000 litigation claim, reduced by $44,383, to reflect a discount for the time value of money between the time of the decedent's death in August 1998, and the time Plaintiff received the payment in June 2000. Copies of excerpts of the IRS Report of Estate Tax Examination Changes ("Report") detailing the relevant adjustments are attached as Exhibit A.

11.     If the IRS had invoiced Plaintiff only for the increase in estate taxes based

on the additional $315,617- asset, without regard to new deductions and increases in value unrelated to the $315,617, the estate tax payable by Plaintiff as reflected on the Report and assessed on the Invoice would have been $124,141, not the $78,390 actually assessed and invoiced by the IRS.

12. The deductions and increases unrelated to the $315,617 resulted in a decrease in estate taxes due of $45,751, as reflected on the Report. Had the IRS valued the litigation claim at $0, as it is now so stipulating, instead of $315,617, Plaintiff would have made an overpayment of estate taxes of $45,751.

13. Because the IRS valued the litigation claim at $315,617, it assessed and invoiced Plaintiff for $78,390 ($124,141 - $45,751) plus $17,312 interest on that amount.

14. On August 5, 2002, Plaintiff paid the IRS $95,702, which represented the $78,390 assessment from the audit examination plus $17,312 of interest on the assessment beginning on December 20, 1999 through the assessment date of July 15, 2002.

15. A copy of the estate tax transcript reflecting the original estate tax return, the audit examination adjustments, and the related payments and refunds is attached as Exhibit B. A copy of the $17,312 interest calculation on the $78,390 assessment, from December 20, 1999 through July 15, 2002, is attached as Exhibit C.

16. By letter dated August 2, 2004, Plaintiff filed an IRS Form 843 (Claim for Refund and Request for Abatement) seeking a refund of "at least $124,141."

17. The IRS disallowed the claim on October 4, 2004.

18. This action was filed on May 13, 2005.

19. The value of the litigation claim as of the date of death was $0.

20. Plaintiff is entitled to deductions for reasonable expenses associated with this case as permitted under 26 U.S.C. § 2053. Plaintiff will pursue those deductions administratively with the IRS, and the corresponding refund will not be limited by 26 U.S.C. § 6511 unless the Court's January 16, 2007 Order is reversed as to this issue.

## STATEMENT OF POSITIONS

Having stipulated to the above facts, the parties agree that there are no factual issues for trial, and that Plaintiff has overpaid its estate tax. The only issue is the amount of that refund, attributable to the $315,617 value of the litigation claim plus interest assessed by the IRS, to which Plaintiff is entitled, which the Court has determined by Order dated January 16, 2007 is not limited to $95,701.18.

Plaintiff contends that based on a value of $0 for the litigation claim, it has overpaid the estate taxes by $124,141 plus $17,312 in interest. As a consequence, Plaintiff claims it is entitled to a refund of $124,141 plus $17,312 interest, of which $78,390 in taxes and $17,312 in interest will bear statutory interest beginning on August 5, 2002 based on the payment relating to the audit, and $45,751 will bear interest beginning on May 7, 1999 based on the date of the estimated tax payment.

Defendant contends that, as a matter of law under 26 U.S.C. § 6511, Plaintiff's refund is limited to the amount of taxes it paid within the two-year period prior to the

filing of its claim for refund, and on May 26, 2006, Defendant filed a Motion for Partial Summary Judgment on this issue. Defendant's motion sought an order "limiting Plaintiff's highest potential recovery in this action to $95,701 plus statutory interest." Plaintiff opposed that motion, and on January 16, 2007, the Court denied Defendant's motion. Notwithstanding the Court's order, Defendant contends that Plaintiff's refund in this case is limited to $95,702, consisting of the $78,390 assessment amount, and the $17,312 of interest paid on the assessment amount from December 20, 1999 through July 15, 2002. Accordingly, the total refund available to Plaintiff, subject to any limitations under 26 U.S.C. § 6402, would consist of: (i) the $78,390 assessment amount, the $17,312 interest amount, and interest on both of those amounts beginning on August 5, 2002; and (ii) the reduction in estate taxes resulting from the deductions for reasonable expenses associated with this matter, such reduction not limited by 26 U.S.C. § 6511 unless the Court's order dated January 16, 2007 is reversed as to this issue.

Dated: February 5, 2007.

GOLLATZ GRIFFIN & EWING, P.C.

_____          _____
SHERIDEN T. BLACK                    GERALD A. ROLE
Delaware Bar No. 4382                DC Bar No. 415274
1700 West 14th Street                Trial Attorney, Tax Division
Wilmington, DE 19806-4012            United States Department of Justice
Telephone: (302) 655-8181            Post Office Box 227
Fax: (302) 655-8190                  Washington, D.C. 20044

E-mail: sblack@ggelaw.com

Attorney for Plaintiff
ESTATE OF BARBARA A. BANDURSKI

Telephone: (202) 307-0461
Fax: (202) 514-6866
E-mail: gerald.a.role@usdoj.gov

Attorney for Defendant
UNITED STATES OF AMERICA

2201120.1                                6