# EXHIBIT

# A

| Form 1273 (Rev. ) (CG) | Department of the Treasury - Internal Revenue Service Report of Estate Tax Examination Changes | | |
|---|---|---|---|
| Name of Decedent Barbara A. Bandurski | Social Security Number | Date of Death 8/ 7/1998 | |
| Name of Person With Whom Findings Were Discussed: | | Agreement Secured [x] Yes  [ ] No | |
| 1. Taxable estate shown on return or as previously adjusted | | | 1,931,584.00 |
| 2. Increase <decrease> in taxable estate | | | 194,582.49 |
| 3. Taxable estate as corrected (line 1 plus (less) line 2) | | | 2,126,166.49 |
| | | Shown on Return | As Corrected |
| 4. Adjusted Taxable Gifts | | 0.00 | 0.00 |
| 5. Total | | 1,931,584.00 | 2,126,166.49 |
| 6. Tentative Tax | | 750,012.80 | 842,621.58 |
| 7. Aggregate gift taxes payable (after Dec. 31, 1976) | | 0.00 | 0.00 |
| 8. Subtract the amount on line 7 from the amount on line 6 | | 750,012.80 | 842,621.58 |
| 9. Unified Credit against estate tax | | 202,050.00 | 202,050.00 |
| 10. Adjustment to unified credit | | 0.00 | 0.00 |
| 11. Subtract the amount on line 10 from the amount on line 9 | | 202,050.00 | 202,050.00 |
| 12. Subtract the amount on line 11 from the amount on line 8 (not less than zero) | | 547,962.80 | 640,571.58 |
| 13. Credit for State death taxes   108,893.32 Tentatively allowed Submit evidence by (date) | | 94,674.05 | 108,893.32 |
| 14. Subtract the amount on line 13 from the amount on line 12 | | 453,288.75 | 531,678.26 |
| 15. Credit for Federal gift taxes on pre-1977 gifts | | 0.00 | 0.00 |
| 16. Credit for foreign death taxes (Statutory) | | 0.00 | 0.00 |
| 17. Credit for tax on prior transfers | | 0.00 | 0.00 |
| 18. Credit for foreign death taxes (Special Treaty) | | 0.00 | 0.00 |
| 19. Total Credits (add the amounts on lines 15, 16, 17, and 18) | | 0.00 | 0.00 |
| 20. Net estate tax payable | | 453,288.75 | 531,678.26 |
| 21. Generation-skipping transfer taxes (Schedule R, Part 2, line 12) | | 0.00 | 0.00 |
| 22. Section 4980A - increased estate taxes (Schedule S) | | 0.00 | 0.00 |
| 23. Total transfer taxes (add the amounts on lines 20, 21 and 22) | | 453,288.75 | 531,678.26 |
| 24. Total transfer tax previously assessed | | | 453,288.75 |
| 25. Total transfer tax - Increase <decrease> (difference between line 23 and line 24) | | | 78,389.51 |
| 26. Penalty previously assessed | | | 0.00 |
| 27. Penalties as corrected | | | 0.00 |
| 28. Net penalties - Increase <decrease> (difference between line 26 and line 27) | | | 0.00 |
| 29. Net tax and penalties payable - Increase <decrease> (add line 25 and line 28) | | | 78,389.51 |
| Examiner's Signature | Area Delaware-Maryland | Date 5/10/2002 | |

A (1/3)

| Form 3228 (Rev. Oct. 1980) (CG) | Department of the Treasury - Internal Revenue Service<br>Adjustments to Taxable Estate | | Schedule |
|---|---|---|---|
| Estate of<br>Barbara A. Bandurski | | Social Security Number | Date of Death<br>8/ 7/1998 |
| Gross estate reported on return | | | 2,179,747.00 |
| Increase <decrease> to gross estate | | | |
| B | Stocks and Bonds | 49.00 | |
| D | Insurance on Decedent's Life | 1,077.00 | |
| E | All Other Joint Interests | 82,300.00 | |
| F | Other Miscellaneous Property | 320,721.00 | |
| Net changes to gross estate | | | 404,147.00 |
| Corrected gross estate (line 1 & line 3) | | | 2,583,894.00 |
| Total deductions reported on return | | | 248,163.00 |
| Increase <decrease> to deductions | | | |
| J | Funeral & Administration Ex. | 192,764.51 | |
| K | Debts of Decedent | 16,800.00 | |
| Net changes to deductions | | | 209,564.51 |
| Corrected total deductions (line 5 + line 7) | | | 457,727.51 |
| Corrected taxable estate (line 4 less line 8) | | | 2,126,166.49 |



A(2/3)

| Form 886-A (Rev. April 1968)(CG) | EXPLANATION OF ITEMS | SCHEDULE NO. OR EXHIBIT |
|---|---|---|
| NAME OF TAXPAYER Estate of Barbara A. Bandurski | | YEAR/PERIOD ENDED 8/ 7/1998 |

Sch. E, All Other Joint Interests (Continued)

One-half of the full fair market value of property (as of the applicable valuation date) which the decedent held as a qualified joint interest, is included in her gross estate. Code section 2040(a) and 2031 of the Internal Revenue Code.

Item 3A - increased to fair market value per Kelley Blue Book.

|  | Returned | Corrected |
|---|---|---|
| Sch. F, Other Miscellaneous Property | | |
| Item 2 - Jewelry | 1,890.00 | 5,230.00 |
| Item 3 - 1998 Delaware Income Tax Refund | 7,021.00 | 8,257.00 |
| Item 7 - John Hancock Proceeds | 0.00 | 528.00 |
| Item 8 - Class Action Proceeds | 0.00 | 315,617.00 |
| Total of these items | 8,911.00 | 329,632.00 |
|  |  | 8,911.00 |
| Increase to schedule |  | 320,721.00 |

Item 2 is increased to fair market value per appraisal.
Item 3 - the value of gross estate has been adjusted to reflect the inclusion of the State income tax refund for the year 1998 to which the decedent's estate was entitled on account of the payments made by the decedent prior to her death. Code section 2033.
Item 7 is the actual proceeds received by the estate.
Item 8 is the proceeds received from a class action claim that was not included on the 706. Decedent was a member of a class action claim filed against Delaware Solid Waste Authority on May 21, 1998. The claim resulted in a settlement of the class action January 2000 with $900,000 distributed to Walter S. Bandurski, Inc. The amount paid in respect of the decedent was $360,000.
May 21, 1998, class action complaint filed by Sylvester Jenifer T/A Vernon's Home Improvements, on behalf of itself and all other similarly situated against Delaware Solid Waste Authority seeking declaratory and monetary relief to redress the harm resulting from enforcement of an unambiguously protectionist and facially unconstitutional regulation promulgated by the Delaware Solid Waste Authority that prohibits out-of-state disposal of solid waste generated within the State of Delaware at solid waste facilities, not operated by, on behalf of, or under contract with DSWA. The action brought for injunctive relief and to recover damages for injuries suffered due to the deprivation of plaintiff's rights, privileges or immunities as secured by the United States Constitution. Complaint in Paragraph 10 states the plaintiff brings this action on its own behalf and an behalf of all members of a Class consisting of all persons in the State of Delaware who delivered and transpor[ted solid waste] generated within the State for disposal at solid wast[e facilities op]erated by, on behalf of, or under contract with DSWA a[nd paid tipping] fees to DSWA during the period May 21, 1995, until [the restrictio]ns imposed by DSWA are abrogated. Complaint stat[es plaintiff do]es not know the exact size of the Class since such in[formation is in] the hands of the defendant.

A (3/3)