IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF BARBARA A. BANDURSKI, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-291 (GMS) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MOTION TO ENFORCE JUDGMENT**

Plaintiff Estate of Barbara A. Bandurski ("the Estate") hereby moves to enforce this Court's February 6, 2007 Order and Final Judgment against Defendant United States (the "United States" or "Government") and, in support of this motion, states as follows:

1. The Estate filed the above-captioned action against the United States on May 13, 2005, seeking a refund of federal estate taxes from the Internal Revenue Service ("IRS"). The United States moved, pursuant to 26 U.S.C.§6511, for partial summary judgment to limit any refund due the Estate to $95,702, the amount of the check the Estate forwarded to the IRS within two years of its August 2, 2004 refund claim, plus statutory interest. On January 15, 2007, the Court denied the Government's motion for partial summary judgment, resolving any outstanding legal issues in the case. On February 5, 2007, the parties stipulated to all issues of fact in this case, obviating the need for a jury trial.

2. Based on the parties' Stipulation and Statement of Positions, dated February 5, 2007, and the Court's January 16, 2007 Order denying the Government's motion for partial summary judgment, the Court entered an order finding that the Estate had overpaid federal estate

taxes in the amount of $124,141 plus interest of $17,312 of which $78,390 in estate tax and $17,312 in interest should bear statutory interest from August 5, 2002 to the date of payment and $45,751 in estate tax should bear statutory interest from May 7, 1999 to the date of payment.

3. On February 6, 2007, this Court entered final judgment in favor of the Estate and against the United States for the sum of $141,453 plus statutory interest on $95,702 from August 5, 2002 and statutory interest on $45,751 from May 7, 1999.

4. To date, the United States has failed to comply with the Court's February 6, 2007 Final Judgment and Order.

5. On April 4, 2007, the United States filed a Notice of Appeal to the Court of Appeals for the Third Circuit. In its April 20, 2007 "Concise Summary of the Case" for the Court of Appeals, it identified the issues to be raised on appeal as:

> Whether the Estate's recovery of a refund should have been limited by the statute of limitations in I.R.C. § 6511 to the amount paid within two years before the request for refund, or whether it may also include additional deductions for amounts allegedly paid for attorneys fees and expenses.

6. Currently, the United States' Notice of Appeal is merely protective, as the Department of Justice has not yet determined to proceed with the appeal. The Court of Appeals scheduled mediation for June 22, 2007 and required the parties to submit position papers by June 1, 2007. On May 25, 2007, the Government's attorney notified the Estate and the mediator that the United States Department of Justice was still reviewing the appeal and had not yet decided whether or not to proceed with it. Accordingly, the parties agreed to an extension, and the mediator scheduled a status phone conference for June 22, 2007. On that date, the Government's attorney again notified the mediator that the Department had not yet decided whether it would

proceed with this appeal and requested an additional three-week extension. The mediator granted the extension and scheduled another status phone conference for July 13, 2007.

7. The United States never moved for a stay of this Court's Final Judgment or Order pursuant to F. R. Civ. P. 62. Accordingly, the full amount of the February 6, 2007 Order and Final Judgment is long overdue and payable, and the Estate is in need of these funds to defend against the Government's appeal.

8. Even if the Government were, at some point, to decide that it will proceed with the appeal of this matter, and even if it were to seek a stay of the February 6, 2007 Final Judgment and Order, it has reserved its right to appeal only "any portion of the judgment exceeding $95,702" plus statutory interest. See the United States' Concise Summary of the Case, filed with the Court of Appeal on April 20, 2007, attached here to as Exhibit A, at 2 and the parties' Stipulation and Statement of Positions, filed with this Court on February 5, 2007, at 5. Accordingly, by the Government's own admission there is no basis whatsoever for it to delay payment of the portion of judgment awarding the Estate $95,702 plus statutory interest from August 5, 2002.

For the foregoing reasons, the Estate respectfully requests that the Court order the Government to pay the Estate the entire amount due under the Court's February 6, 2007 Order and Judgment: $95,702 plus statutory interest from August 5, 2002 to the date of payment and $45,751 plus statutory interest from May 7, 1999 to the date of payment. In the alternative, should the Government seek and be granted a stay of the February 6, 2007 Order and Judgment, the Estate requests that the Court order the Government to pay immediately the $95,702 plus

statutory interest from August 5, 2002 to the date of payment that is not subject to the appeal.[1]

The Estate also respectfully requests that the Court award it the costs and reasonable attorneys' fees incurred in pursuing this Motion to Enforce Judgment, as it is the Government's unreasonable delay and groundless refusal to pay the Court's February 6, 2007 judgment that compelled the Estate to incur these expenses. If so ordered, the Estate will submit its costs and attorneys' fees to the Court for review upon resolution of this motion.

Dated : June 29, 2007                     Respectfully submitted,

                                          /s/ Sheriden T. Black
                                          Sheriden T. Black, Esquire (No. 4382)
                                          Gollatz, Griffin & Ewing, P.C.
                                          1700 West 14th Street
                                          Wilmington, DE 19806
                                          302-655-8181

                                          *Attorneys for Plaintiff*
                                          *Estate of Barbara Bandurski*

---

[1] Once the appeal is resolved, the Estate will submit an additional request for refund to the IRS based on deductions for the reasonable administration expenses associated with this lawsuit.