# EXHIBIT

# A

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within ten (10) days of the date of docketing of the Notice of Appeal to facilitate a determination whether an appeal may be subject to mediation. **An original and one (1)) copy are required.**

**(Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.)**

SHORT
CAPTION: Estate of Barbara Bandurski v. United States (3d Cir. No. 07-2021)

DISTRICT COURT or AGENCY and DOCKET NUMBER:
D. Del. No. 05-cv-291 (GMS)

NAME OF
JUDGE: Gregory M. Sleet

Specify who is suing whom for what and the subject of this appeal, i.e., identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the district court or agency from which this appeal is taken:

The Estate of Barbara Bandurski brought the instant refund suit to recover an alleged overpayment of $124,141.26 in estate taxes, plus interest and credits related to increased administrative expenses caused by the claim for refund. The parties to this appeal are the United States and the Estate. The United States brings this appeal from the District Court's judgment in favor of the Estate, which is attached. The District Court entered judgment for the Estate for $141,453.00.

Identify and **ATTACH** to this statement a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

## CONCISE SUMMARY OF THE CASE (cont.)

Provide a short statement of the factual and procedural background which you consider important to this appeal:

The instant refund suit arises from the Estate's payment of an assessment to the Service after an audit of the Estate. During this audit, the Service determined that the Estate had failed to include an asset valued at approximately $320,000. The audit produced a net taxable increase to the Estate of $195,000, combining the upward adjustment for the omitted asset with several downward adjustments (totaling approximately $125,000). On August 5, 2002, the Estate paid the resulting tax assessment of $78,390, plus $17,312 in interest, for a total of $95,702.

On August 2, 2004, the Estate filed a refund claim with the Service in at amount of "at least $124,141.26". The Estate argued that the omitted asset actually had no value and thus the assessment of $78,390 was incorrect. The Estate contended that is also could recover attorneys fees incurred during the audit process. The Service denied the claim.

The Estate then filed the instant refund suit in the United States District Court for the District of Delaware (Judge Sleet), and the United States moved for summary judgment. The United States asserted that, pursuant to I.R.C. s. 6511, any refund to the Estate must be limited to $95,702, the amount that it paid within two years of filing its claim for refund. The Estate countered that Treas. Reg. s. 20.2053-3(c) allowed it to recover additional overpayments based on attorneys fees and expenses incurred in defending against a deficiency assessment and prosecuting a claim for refund. The District Court denied the Government's motion for summary judgment.

The United States ultimately chose to concede the refund claim, while reserving its right to appeal any portion of the judgment exceeding $95,702. The parties stipulated to this effect, and the District Court entered judgment in favor of the Estate in the amount of $141,453. The United States then filed its timely notice of appeal.

Identify the issues to be raised on appeal:

Whether the Estate's recovery of a refund should have been limited by the statute of limitations in I.R.C. s. 6511 to the amount paid within two years before the request for refund, or whether it may also include additional deductions for amounts allegedly paid for attorneys fees and expenses.

2

This is to certify that this Concise Summary of the Case was mailed to the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record this 20 day of April, 2007.

_____
(Signature of Counsel)

REV. 04/00
REV. 02/06

3