IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF BARBARA A. BANDURSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-291 (GMS) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO
PLAINTIFF'S MOTION TO ENFORCE JUDGMENT**

Plaintiff alleges the government has engaged in "unreasonable delay" and "groundless refusal" in not paying the judgment it was awarded on February 6, 2007.

The government's non-payment is neither unreasonable nor groundless. The United States is not authorized, by statute, to pay a judgment until it becomes final, or, is deemed final. Specifically, 28 U.S.C. § 2414 provides, in pertinent part,

> [P]ayment of *final judgments* rendered by a district court...against the United States shall be made on settlements by the Secretary of the Treasury....
> ***Whenever the Attorney General determines that no appeal shall be taken from a judgment or that no further review will be sought from a decision affirming the same, he shall so certify and the judgment shall be deemed final.***

28 U.S.C. § 2414 (emphasis added). The judgment in this case is not *final*, as the appeal is still pending. Nor has the Attorney General determined the appeal will be dismissed, and thus the judgment is not *deemed final*.[1]

---

[1] The court in Barnes v. United States, 678 F.2d 10 (3d Cir. 1982) was faced with the issue of whether the government can be forced to pay a portion of a judgment while a case is on appeal, and thus the judgment is not final. In response, the court summarily affirmed a portion of the judgment which the government was not challenging on appeal. Although plaintiff is seeking similar relief, it has not sought the relief from the United States Court of Appeals for the Third Circuit, where the appeal is pending.

The provision 31 U.S.C. § 1304 also indicates that judgments against the United States cannot be paid until they become final, because funds to pay the judgments are not "appropriated" until the judgment is final:

§ 1304. Judgments, awards, and compromise settlements

    (a) Necessary amounts are appropriated to pay final judgments, awards, compromise settlements, and interest and costs specified in the judgments or otherwise authorized by law when--

        (1) payment is not otherwise provided for;

        (2) payment is certified by the Secretary of the Treasury; and

        (3) the judgment, award, or settlement is payable--

            (A) under section 2414, 2517, 2672, or 2677 of title 28;

Lastly, plaintiff notes that the United States did not seek a stay from paying the judgment under Rule 62 of the Fed. R. Civ. P. What plaintiff did not mention, however, is that the United States is entitled to a stay as a matter of right under Rule 62, through the combination of paragraphs (d) and (e) of the Rule.

Rule 62(e) provides that "When an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant." Interpreting Rule 62(d), which automatically entitles an appellant to a stay provided it posts a supersedeas bond, in combination with Rule 62(e), courts have concluded that when the United States moves for a stay of a judgment pending appeal, it is entitled to a stay as a matter of right. See Hoban v. Washington Metropolitan Area Transit Auth., 841 F.2d 1157 (D.C. Cir. 1988) ("one must read [ ] Rule 62(e) in tandem with [ ] Rule 62(d), ...

[ ] Rule 62(e) operates to provide an exception to the bond requirement of [ ] Rule 62(d). Accordingly, WMATA, as an agency of the District of Columbia, is entitled to a stay as a matter or right without posting a supersedeas bond" (interpreting identical provisions in the D.C. Superior Court rules of procedure)); In re Capital W. Investors, 180 B.R. 240, 245 (N.D.Cal.1995) ( " ... the plain language of Rule 62(d) entitles a party appealing a judgment to a stay as a matter of right upon posting of a supersedeas bond, ... [but] when the United States takes an appeal and obtains a stay, no bond is required ... [Therefore] the United States or an agency thereof is entitled to a stay on appeal of the Order as a matter of right" ); New York Dep't of Environmental Conservation v. United States Dep't of Energy, 1999 WL 1034505 N.D.N.Y. 1999 ( "the U.S. is entitled to a stay, as a matter of right, without the posting of any type of bond or security" ).

Plaintiff correctly notes the United States did not seek a stay from enforcement of the judgment. Since the United States is entitled to stay as a matter or right, should this court not be persuaded that the United States is prohibited by paying the judgment under 28 U.S.C. § 2414, the United States respectfully requests a stay under Rule 62.

For the reasons stated above, plaintiff's Motion to Enforce Judgment should be denied.

DATED: July 13, 2007

                Respectfully submitted,

                RICHARD T. MORRISON
                Acting Assistant Attorney General

                JAMES J. WILKINSON
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 227
                Ben Franklin Station
                Washington, DC 20044
                (202) 307-6056

                COLM F. CONNOLLY
                United States Attorney

                /s/ Ellen W. Slights
                _____

                ELLEN W. SLIGHTS
                Assistant United States Attorney
                1007 Orange Street
                Wilmington, DE 19801
                (302) 573-6277

                *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF BARBARA A. BANDURSKI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 05-291 (GMS) |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| Defendant. | : |

### AFFIDAVIT OF SERVICE

I, Kathie Gray, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on July 13, 2007, I electronically filed the foregoing **UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE JUDGMENT** with the Clerk of Court using ECF which will send notification of such filing(s) to the following:

Sheriden Talley Black, Esquire
Gollatz, Griffin & Ewing
1700 West Fourteenth Street
Wilmington, DE 19806
sblack@ggelaw.com

Mason E. Turner, Jr.,Esquire
Prickett Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
meturner@prickett.com

/s/ Kathie Gray
_____
Kathie Gray
Office of the United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899
(302) 573-6277
kathie.gray@usdoj.gov