IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF BARBARA A. BANDURSKI, | : |
| Plaintiff, | : C.A. No. 05-291 (GMS) |
| v. | : |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ENFORCE JUDGMENT AND PARTIAL OPPOSITION TO MOTION FOR STAY**

On June 29, 2007, Plaintiff Estate of Barbara A. Bandurski ("the Estate") filed a motion to enforce this Court's February 6, 2007 Order and Final Judgment against Defendant United States ("Government"). On July 13, 2007, the Government filed an opposition to that motion and a motion to stay the February 6, 2007 Order and Final Judgment ("Government Response") based on its April 4, 2007 Notice of Appeal.[1] The Estate submits this reply to its motion to enforce judgment and this opposition to the Government's motion to stay the portion of the February 6, 2007 order and judgment not on appeal.

Despite the Estate's repeated requests for payment, the Government's concession that it owes the Estate $95,702 plus statutory interest from August 5, 2002 to date of payment, and the exclusion of that amount from the Government's appeal, it refuses to pay this "uncontested

---

[1] Currently, the United States' Notice of Appeal is merely protective, as the Department of Justice has not yet determined to proceed with the appeal. For this reason, the appeal is stalled, and the appellate court mediation, originally scheduled for June 22, 2007, has been repeatedly postponed. The next status teleconference is scheduled for July 25, 2007.

amount," claiming that the judgment is "not final" based on 28 U.S.C. § 2414.[2] Appellate courts have called the Government's rationale in similar circumstances "curious" and based on "mysterious bureaucratic reasons." *See Carter v. United States*, 333 F.3d 791, 793 (7th Cir. 2003). *See also Dempsey v. United States,* 32 F.3d 1490, 1498 (11th Cir. 1994) ("The notion that Congress might have intended, . . ., to prevent victims of government negligence from receiving immediately that portion of the judgment the government concedes they are due is simply absurd.").

The Government now seeks a stay of this Court's entire February 6, 2007 Order and claims it is entitled to the stay "as a matter of right." Apparently, based on the three cases the Government cites, it assumed that it could refuse to pay the February 6, 2007 judgment without requesting or being granted a stay of that judgment. The Government fails to mention, however, that several federal courts have disagreed. *See e.g. In re Westwood Plaza Apartments, Ltd..* 150 B.R. 163, 167 (Bankr. E.D. Tx. 1993)(Congress never intended to give the United States a right to a stay upon appeal); *United States v. United States Fishing Vessel Maylin*, 130 F.R.D. 684, 685 (S.D. Fla. 1990) ("The language [of Rules 62(d) and 62(e)] allows the court to grant a stay where bond is posted or where the Government claims its entitlement to exemption; it does not mandate that it do so."); and *C.H. Sanders Co. V. BHAP Housing Dev. Fund Co.*, 750 F. Supp. 67, 69 (E.D.N.Y. 1990) quoting *Deering Milliken, Inc. v. F.T.C.,* 647 F.2d 1124 (D.C. Cir. 1974)("Unless a stay is granted . . . the judgment remains operative.").

In exercising discretion as to whether to grant a stay, many courts use the preliminary

---

[2]See May 14, 2007 correspondence from the Estate to the Department of Justice, attached hereto as Exhibit A.

injunction standard as a guideline.[3] In this case, none of the preliminary injunction standards support the granting of a stay of the uncontested portion of the February 6, 2007 order and judgment: (1) the Government will not succeed on the merits, as it does not contest that portion of the judgment; (2) because the Estate's resources have been depleted by this litigation, the Estate will suffer irreparable injury if forced to defend against the Government's appeal without the funds at issue; (3) the Government will not suffer harm by being forced to pay money it concedes it owes; (4) the public interest is not served by allowing the Government to retain tax money for which a refund is overdue.

Having persistently refused to pay the uncontested portion of the judgment, the Government now concedes that it would be forced to pay the uncontested $95,702, plus statutory interest from August 5, 2002 to date of payment, if the appellate court summarily affirmed that portion of the judgment. See Government Response at 1, n.1. Accordingly, on July 20, 2007, the Estate filed with the United States Court of Appeals for the Third Circuit a motion for summary affirmance of the uncontested portion of the February 6, 2007 Order and Judgment. (Exhibit B hereto). Presumably, the Government will not contest this motion for summary affirmance. In the meantime, the Estate opposes the Government's request for a stay as to the $95,702, plus statutory interest from August 5, 2002 to date of payment, that the Government concedes it owes.

---

[3] The standard for preliminary injunction is a showing of:
    (1) likelihood of success on the merits;
    (2) irreparable injury if the stay is not granted;
    (3) absence of substantial harm to other parties from the granting of a stay; and
    (4) service to the public interest of granting a stay.

*In Re: Westwood Plaza Apartments,* 150 B.R. at 168.

The Government's position in this matter puts form over substance, forcing the Estate to pay legal fees to accomplish what the Government apparently could and should have done from the outset – pay the uncontested portion of the judgment. The Government sets forth no reason why, pursuant to 28 U.S.C. § 2414, the Attorney General did not certify that the $95,702, plus interest from August 5, 2002 to date of payment, was final so that the Estate could be paid that amount[4]. Because the Government's position is not substantially justified, the Estate, pursuant to 28 U.S.C. § 2412, renews its request for the fees and expenses it has incurred in pursuing this motion.

Dated : July 20, 2007                 Respectfully submitted,

/s/ Sheriden T. Black
Sheriden T. Black, Esquire (Delaware Bar No. 4382)
Gollatz, Griffin & Ewing, P.C.
1700 West 14th Street
Wilmington, DE 19806
302-655-8181

*Attorneys for Plaintiff*
*Estate of Barbara A. Bandurski*

---

[4] Presumably, the Government will argue that it could not "split" the judgment. However, in *Barnes,* 678 F.2d at 12-13, a case cited by the Government, the Third Circuit did just that. *See also Dempsey*, 32 F.3d at 1498 (noting that in *Barnes,* the Third Circuit rejected Government's argument that the undisputed part of judgment could not be "split" from disputed part).