# EXHIBIT

# B

## UNITED STATES COURT OF APPEALS

### FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| Estate of Barbara A. Bandurski, | : | |
| Appellee | : | Case No. 07-2021 |
| | : | |
| v. | : | |
| | : | |
| United States of America, | : | |
| Appellant | : | |

### APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE
### OF THE PORTION OF THE DISTRICT COURT JUDGMENT NOT APPEALED

Appellee Estate of Barbara A. Bandurski ("the Estate") hereby moves for summary affirmance of the uncontested portion of the United States District Court's February 6, 2007 Order and Final Judgment currently on appeal. In support of this motion, the Estate states as follows:

1.     This appeal stems from a lawsuit the Estate brought against the United States on May 13, 2005 in the United States District Court for the District of Delaware, seeking a refund of federal estate taxes from the Internal Revenue Service ("IRS"). The United States moved, pursuant to 26 U.S.C. §6511, for partial summary judgment to limit any refund due the Estate to $95,702, the amount of the check the Estate forwarded to the IRS within two years of its August 2, 2004 refund claim, plus statutory interest. On January 15, 2007, the Court denied the Government's motion for partial summary judgment, resolving any outstanding legal issues in the case. On February 5, 2007, the parties stipulated to all issues of fact in this case, obviating the need for a jury trial.

2.     Based on the parties' February 5, 2007 Stipulation and Statement of Positions and the Court's January 16, 2007 Order denying the Government's motion for partial summary

judgment, the District Court entered an order finding that the Estate had overpaid federal estate

taxes in the amount of $124,141 plus interest of $17,312 of which $78,390 in estate tax and

$17,312 in interest ($95,702) should bear statutory interest from August 5, 2002 to the date of

payment and $45,751 in estate tax should bear statutory interest from May 7, 1999 to the date of

payment.

      3.     On February 6, 2007, the District Court entered final judgment in favor of the

Estate and against the United States for the sum of $141,453 plus statutory interest on $95,702

from August 5, 2002 and statutory interest on $45,751 from May 7, 1999.

      4.     On April 4, 2007, the United States filed a Notice of Appeal to this Court. In its

April 20, 2007 "Concise Summary of the Case" for the Court of Appeals, it identified the issues

to be raised on appeal as:

> Whether the Estate's recovery of a refund should have been limited by the
> statute of limitations in I.R.C. § 6511 to the amount paid within two years before
> the request for refund, or whether it may also include additional deductions for
> amounts allegedly paid for attorneys fees and expenses.

      5.     Currently, the United States' Notice of Appeal is merely protective, as the

Department of Justice has not yet determined to proceed with the appeal. This Court scheduled

mediation for June 22, 2007 and required the parties to submit position papers by June 1, 2007.

On May 25, 2007, the Government's attorney notified the Estate and the mediator that the

United States Department of Justice was still reviewing the appeal and had not yet decided

whether or not to proceed with it. Accordingly, the parties agreed to an extension, and the

mediator scheduled a status phone conference for June 22, 2007. On that date, the Government's

attorney again notified the mediator that the Government had not decided whether it would

proceed with this appeal and requested an additional three-week extension. The mediator

granted the extension and scheduled another status phone conference for July 13, 2007. On July

13, 2007, the Government yet again reported that it had not determined whether to pursue an

appeal and again the mediator rescheduled a teleconference for July 25, 2007.

6.      The United States did not move for a stay of the District Court's Final Judgment

or Order, pursuant to F. R. Civ. P. 62, until the Estate filed a motion to enforce that judgment

with the District Court on June 29, 2007. In its July 13, 2007 opposition to that motion, the

Government first sought a motion to stay, which has not as yet been ruled upon. Accordingly,

the full amount of the February 6, 2007 Order and Final Judgment is long overdue and payable,

and the Estate is in need of these funds to defend against the Government's appeal.

7.      Even if the Government were, at some point, to decide that it will proceed with

the appeal of this matter, and even if the District Court grants a stay of the February 6, 2007

Final Judgment and Order, the Government has reserved its right to appeal only the portion of

the judgment exceeding $95,702 plus statutory interest from August 5, 2002. See the United

States' Concise Summary of the Case, filed with this Court on April 20, 2007 at 2 and the

parties' Stipulation and Statement of Positions, filed with this Court on February 5, 2007, at 5.

Accordingly, by the Government's own admission, the portion of the judgment awarding the

Estate $95,702 plus statutory interest from August 5, 2002 is uncontested.

8.      The Estate files this motion for summary affirmance at the Government's

invitation. In its Opposition to the Estate's Motion to Enforce Judgment, the Government

correctly noted that, in *Barnes v. United States*, 678 F.2d 10 (3d Cir. 1982), this Court summarily

affirmed the uncontested portion of a money judgment on appeal, thus deeming that portion final

and subject to immediate payment by the Government.  See also *Dempsey v. United States*, 32 F.3d 1490, 1498 ( 11th Cir.) (J. Carnes concurring) ("Where there is a discrete, uncontested amount of damages included in a judgment from which an appeal is taken, there is no reason why an immediate partial summary affirmance should not be entered by this court to the extent of the uncontested part of the judgment.").  Summary affirmance is appropriate under the similar circumstances of this case.

For the foregoing reasons, the Estate respectfully requests that the Court summarily affirm the uncontested portion of the District Court's February 6, 2007 Order and Judgment – that portion being  $95,702 plus statutory interest from August 5, 2002 until date of payment.


Dated : July 20, 2007                            Respectfully submitted,

Sheriden T. Black, Esquire (DE Bar No. 4382)
Gollatz, Griffin & Ewing, P.C.
1700 West 14th Street
Wilmington, DE 19806
302-655-8181


*Attorneys for Appellee*
*Estate of Barbara A. Bandurski*

## UNITED STATES COURT OF APPEALS

### FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| Estate of Barbara A. Bandurski, | : | |
| Appellee | : | Case No. 07-2021 |
| | : | |
| v. | : | |
| | : | |
| United States of America, | : | |
| Appellant | : | |

### CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing APPELLEE'S MOTION FOR SUMMARY

AFFIRMANCE OF THE PORTION OF THE DISTRICT COURT JUDGMENT NOT

APPEALED was caused to be served this 20th day of July, 2007, by mailing a copy thereof via

First Class mail, postage prepaid to:

Patrick J. Urda, Esquire
United States Department of Justice
Tax Division
P.O. Box 502
Washington, DC 20044

Sheriden T. Black, Esquire (DE Bar No. 4382)
Gollatz, Griffin & Ewing, P.C.
1700 West 14th Street
Wilmington, DE 19806
302-655-8181

*Attorney for Appellee*
*Estate of Barbara A. Bandurski*